In the Matter of the Petition of ALBANY SAVINGS BANK, Appellant, *v.* R. E. GIGLIOTTI MOTOR SALES OF UTICA, N. Y., Now Known as R. E. GIGLIOTTI SALES, INC., Tenant, Respondent.

County Court, Oneida County, April 6, 1937.

*Cooper, Erving & Savage [E. S. Rooney* of counsel], for the appellant.

*Salvador J. Capecelatro [Arnold A. Capecelatro* of counsel], for the respondent.

HANAGAN, J. The Albany Savings Bank, the above petitioner, and the R. E. Gigliotti Motor Sales of Utica, N. Y., the above tenant, entered into a written lease of premises at 333 Lafayette street, Utica, N. Y., on November 24, 1933, for a term of one year to begin January 1, 1934, and to end on December 31, 1934, at the monthly rental of $125. Among the covenants contained in said lease was the following: " It is understood and agreed that 60 days before the expiration of this lease the tenant will have first option to renew for a period and at a rental to be mutually agreed upon."

The tenant continued in possession during the year 1934. On September 13, 1934, the parties renewed the foregoing lease for the year 1935 at the same monthly rental, and the agent of the petitioner wrote the tenant as follows: " This confirms our understanding that you are exercising your option to renew your present lease with the Albany Savings Bank for the premises 333–335 Lafayette Street, this city and bearing date of November 24th, 1933, for a period of 1 year beginning January 1st, 1935, at the monthly

rental of $125 payable monthly in advance, all other terms and conditions of said lease continuing and remaining the same."

The tenant continued in possession for the year 1935, and on October 8, 1935, the parties renewed the foregoing lease for the year 1936 at the same monthly rental, and the agent of the petitioner wrote the tenant as follows: " This confirms our conversation that you are exercising an option to renew your present lease with the Albany Savings Bank of Albany, N. Y., for the premises 333–335 Lafayette Street, this city for a period of 1 year beginning January 1st, 1936, at the monthly rental of $125 payable monthly in advance, all other terms and conditions of said lease continuing and remaining the same."

The tenant continued in possession during the year 1936. Beginning in June, 1936, there was some talk and correspondence between the parties concerning a lease for the year 1937. There is no evidence in the record upon which the jury could have found that the parties hereto had entered into a lease for another year, namely, 1937.

The only other question here is whether or not the tenant had a right to a renewal of the lease for another year. The original lease contained an option to renew that lease for a period and a rental to be mutually agreed upon. The tenant contends that this provision of the lease and the letters written by the agent of the petitioner renewing the lease for the years 1935 and 1936, together with the provision in the lease that " all other terms and conditions of said lease continuing and remaining the same " gave the tenant the right to renew for the year 1937, and that he duly exercised that right.

In order to have a further renewal after the one renewal provided for in the original lease there must be specific language to the effect that the option to renew itself is in itself renewed. In *Burns* v. *City of New York* (213 N. Y. 516, at p. 524) the court said: " The intention to grant renewals in perpetuity is not shown by a general covenant to renew upon the same covenants, conditions and agreements as contained in the original lease. There must be some language in the covenant which shows an intention to include in the renewal leases a particular covenant in regard to future renewals." The renewal of a lease under an option to renew renews all the covenants of the lease except the covenant of renewal. If it were otherwise, once a lease with an option to renew was made the tenant could renew forever. The lease would be perpetual. (1 McAdam, Landlord and Tenant [5th ed. 1934], 686; *Winslow* v. *B. & O. R. R. Co.*, 188 U. S. 646, at p. 654; *Masset* v. *Ruh*, 235 N. Y. 462; *Pflum* v. *Spencer*, 123 App. Div. 742; *Muhlenbrinck* v. *Pooler*, 40 Hun, 526.)

There is nothing in the renewal letters of September 13, 1934, or October 8, 1935, which gave the tenant an option to renew for the years 1936 and 1937. Nothing is said in these letters that the option to renew is itself renewed. The tenant had no option or right to renew for the year 1937 when he attempted to exercise such a right in the fall of 1936.

The final order and judgment of the Justice Court is reversed on the law and the facts. The petitioner is awarded the delivery of the possession of the property, and it is ordered accordingly, with ten dollars costs.