CULINARY AND SERVICE EMPLOYEES UNION, AFL–CIO LOCAL 555; Anthony Rutledge and Arthur Rutledge, as Union Trustees for the Hotel Union and Hotel Industry of Hawaii Pension Trust, etc., Plaintiffs-Appellants,

v.

HAWAII EMPLOYEE BENEFIT ADMINISTRATION, INC., et al., Defendants,

and

Hotel, Restaurant Employees and Bartenders Union, Local 5 AFL–CIO; Frances M. McCallum, Richard Tam and Romeo M. Mindo, et al., Defendants-Appellees.

No. 81–4114.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 1982.

Decided July 20, 1982.

As Amended Sept. 27, 1982.

John A. Chanin, Honolulu, Hawaii, Lawrence I. Weisman, Towson, Md., for plaintiffs-appellants.

Arthur Y. Park, Park & Kim, Honolulu, Hawaii, for defendants-appellees.

Before HAYNSWORTH,* Senior Circuit Judge, MERRILL, Senior Circuit Judge, and WALLACE, Circuit Judge.

WALLACE, Circuit Judge:

Appellants Arthur and Anthony Rutledge (the Rutledges) are former union trustees of two employee benefit trust funds. They were removed from the board of trustees by Tam and certain other defendants-appellees, elected officials of Local 5 of the Hotel, Restaurant and Bartenders Union (Local 5), who substituted themselves as union trustees in place of the Rutledges following their January 1980 election as officers of Local 5. The Rutledges and the remaining appellant, Local 555 of the Culinary and Service Employees Union, AFL–CIO (Local 555), whose members are also beneficiaries of the trust funds, insist that Local 555 was entitled to participate in the selection of union trustees. They filed an amended complaint in district court against the new union trustees, the employer trustees, Local 5 and others including the trusts and their administrators (the trustees). The complaint sought declaratory and injunctive relief, along with monetary damages, for an alleged violation of Article V(B) of the trust agreements, the union and local by-laws, section 302(c)(5)(B) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5)(B), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1104(a)(1)(D). The complaint also alleged that the new union trustees were not qualified under the prudent investor standard of ERISA, 29 U.S.C. § 1104(a)(1)(B), and the restrictions of the Landrum-Griffin Act, 29 U.S.C. §§ 501(a), 504(a). The district court struck these last counts without prejudice to refiling them in a separate complaint. The Rutledges and Local 555 subsequently moved for a permanent injunction directing their reinstatement. Following a bench trial, the district court denied the motion and, on February 25, 1981, entered judgment for the trustees. On June 3, 1981, pursuant to a motion filed April 28, 1981, the district court awarded attorneys' fees and costs to the trustees. We affirm.

The major substantive issue in this appeal is the proper construction of Article V(B) of the trust agreements. The district court was not called upon merely to interpret unambiguous contract language, which would be a freely reviewable question of law. *See In re Beverly Hills Bancorp,* 649 F.2d 1329, 1334 (9th Cir. 1981). If, as here, the district court relies upon extrinsic evidence to interpret an ambiguous contract, that interpretation is a factual determination reversible only if the district court's construction is clearly erroneous or if the court applied an incorrect legal standard. *Washington Metropolitan Area Transit Auth. v. Mergentime Corp.,* 626 F.2d 959, 961 (D.C.Cir.1980); *see Chandler Supply Co. v. GAF Corp.,* 650 F.2d 983, 988–89 (9th Cir. 1980).[1] The district court was not clearly erroneous in determining that the removal of the Rutledges did not violate the trust agreements.

The district judge properly found the language of Article V(B) to be ambiguous. It provides in part:

Union Trustees shall be appointed by and serve at the pleasure of the Union. *If there is more than one Union, they shall participate in appointments and removals in such manner as may from time to time be specified by majority vote of the Union Trustees.* Appointments and removals shall be made by written instrument

---

1. In *Martin v. United States,* 649 F.2d 701, 703 (9th Cir. 1981), we stated that determinations made by the district court on the circumstances surrounding a contractual agreement are reviewed under the clearly erroneous standard, but that "interpre[tation of] the meaning of the words of the contract in light of the surrounding circumstances" presents a question of law freely reviewable on appeal. We need not address whether or to what extent this decision is inconsistent with our decision in *Chandler.* Even if *Martin* applies, and the proper construction of Article V(B) in this case is freely reviewable, we would conclude that the district judge did not err in his interpretation of the trust agreements.

delivered to the joint board. If a vacancy is not filled within sixty (60) days after notice to the appointing parties, the remaining Union Trustees shall fill the vacancy within thirty (30) days after that sixty-day period expires ....

(Emphasis added.) Emphasizing the second sentence, the Rutledges and Local 555 argue that this provision means that trustees may be removed only by majority vote of the incumbent union trustees. The trustees, stressing the first sentence and the clause "as may from time to time be specified," argue that the removal power is vested in the union, unless the incumbent trustees by majority vote specify a different procedure. Thus, Article V(B) is ambiguous and is open to the district court's realistic interpretation.

The past practice of the parties since 1976, when Local 555 became a signatory to the trust agreements, is particularly useful in construing Article V(B) because it predates the instant controversy. *Denver Metropolitan Ass'n of Plumbing, Heating, Cooling Contractors v. Journeyman Plumbers & Gas Fitters Local No. 3*, 586 F.2d 1367, 1371 (10th Cir. 1978). Here that course of dealing, along with the great weight of the testimony introduced at trial, is wholly consistent with the district court's construction. That evidence demonstrated that Local 5 had consistently appointed and removed the union trustees on behalf of both unions, and that there had never been any resolution by a majority of the incumbent union trustees specifying a different procedure. The only evidence to the contrary was the testimony of the Rutledges themselves, which the court was not required to credit. Based upon this evidence and the contract language in question, the district judge found that Article V(B) permits the union trustees to specify, from time to time, the manner in which the unions shall participate in the appointment and removal of trustees, but does not grant them the power to appoint and remove. Such a construction of Article V(B) appears reasonable to us. The first sentence reserves the appointment power to the unions; while the second sentence grants the incumbent union trustees the

power to prescribe the mode of appointment and removal, it gives them no binding authority to remove unless they have exercised the power to prescribe the mode of removal. The district court's construction of Article V(B) is not clearly erroneous.

Nothing in the record, moreover, indicates that the district court applied an incorrect legal standard. *Philadelphia Nat'l Bank v. Employing Bricklayers' Ass'n*, 169 F.Supp. 591 (E.D.Pa.1959), on which the Rutledges and Local 555 rely, is not persuasive. That case, which is not binding on us, suggests only that the power to appoint or remove trustees remains with the union membership absent a delegation to union officers. *Id.* at 596. No credible argument has been made here that when the Rutledges removed Tam in 1978, or when Tam allegedly retaliated by removing the Rutledges in 1980, the parties were not exercising powers lawfully delegated to them by the union membership. In addition, the court in *Philadelphia Nat'l Bank* recognized that nothing in the federal labor laws prohibits officers of a union from also acting as trustees. *Id.* at 597 (identifying problems of self-dealing but concluding that Congress did not view the problems as sufficiently grave to justify a federal prohibition). Similarly, we have not been directed to any controlling authority which prohibits one of several signatory local unions from independently selecting union trustees for employee benefit trust funds. *See Local 169, Int'l Brotherhood of Teamsters v. Teamsters Health & Welfare Fund*, 327 F.Supp. 260, 263–64 (E.D.Pa.1971).

■ The Rutledges and Local 555 maintain that 29 U.S.C. § 186(c)(5)(B), which exempts from the Taft-Hartley Act employer contributions to an employee trust fund under a written agreement if "employees and employers are *equally represented* in the administration of such fund" (emphasis added), requires equality of representation between employee unions. It is evident, however, that this section only requires equality between the trustees representing the unions and those representing the em-

ployer, and not parity between the representatives of each union. *See, e.g., Denver Metropolitan Ass'n, supra*, 586 F.2d at 1374–75; *Mobile Mechanical Contractors Ass'n v. Carlough*, 456 F.Supp. 310, 325–26 (S.D.Ala.1978), *rev'd in part on other grounds*, 664 F.2d 481 (5th Cir. 1981); Goetz, *Employee Benefit Trusts Under Section 302 of Labor Management Relations Act*, 59 Nw.U.L.Rev. 719, 747–48 (1965). Not only have the Rutledges and Local 555 failed to cite any authority for their position, but it appears that their interpretation of section 186(c)(5)(B) conflicts with the language of that section as well as the congressional purpose motivating its enactment. *See Arroyo v. United States*, 359 U.S. 419, 425–26, 79 S.Ct. 864, 868, 3 L.Ed.2d 915 (1959); *Turner v. Local Union No. 302, Int'l Brotherhood of Teamsters*, 604 F.2d 1219, 1227 (9th Cir. 1979).

They further contend that the removal of the Rutledges by the new union trustees was instituted without cause and in retaliation for their earlier removal of Tam. Yet they isolate no language from the trust agreements or from any applicable federal statute which prohibits the removal of union trustees from an employee benefit trust fund without cause. They rely solely on what they call the spirit of the Taft-Hartley Act, but they have not indicated what that spirit is or where it finds its statutory basis. Their additional contention that the district court was impermissibly prejudiced against their counsel is totally disingenuous, since they do not assert this as a basis for reversal and have conceded that nothing in the record can be read to suggest any sort of prejudice at all.

■ The Rutledges and Local 555 also challenge the district court's award of approximately $21,000 in attorneys' fees. We do not have jurisdiction to review the propriety of this order. No notice of appeal from the order granting attorneys' fees was filed. The Rutledges and Local 555 insist that, following the award of attorneys' fees, their previously-filed notice of appeal from the district court's judgment was "amended" to include an appeal from the district

court's order granting the motion for fees. Nothing in the record, which was compiled by them, reflects this. It is the filing of a notice of appeal that invokes our jurisdiction and establishes the issues to be addressed. *Baker v. Limber*, 647 F.2d 912, 919 (9th Cir. 1981). A timely notice of appeal from the judgment or order complained of is mandatory and jurisdictional. *Browder v. Director, Illinois Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). Where no notice of appeal from a post-judgment order awarding attorneys' fees is filed, the court of appeals lacks jurisdiction to review the order. *Terket v. Lund*, 623 F.2d 29, 32–33 (7th Cir. 1980); *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977). Since in this case no appeal was taken from the district court's order granting the motion for attorneys' fees, we are without jurisdiction to decide if the district court abused its discretion under 29 U.S.C. § 1132(g) and our decision in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452–53 (9th Cir. 1980).

■ The final issue raised on appeal is procedural. The district court struck the counts relating to the qualifications of the new union trustees. The court purportedly acted pursuant to Fed.R.Civ.P. 12(f), which permits the court, in its discretion, to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." This was error. The district court has authority under Rule 12(f) to strike a pleading, in whole or in part, only if a motion is made before the moving party has filed a responsive pleading, unless the court strikes the pleading on its own initiative or no responsive pleading is permitted. The district court struck the counts in question upon the motion of the trustees after they had already filed their answer to the complaint. Thus, the motion was untimely under Rule 12(f). However, the Rutledges and Local 555 failed to object to the motion to strike on this ground. Moreover, even if the grant of the motion to strike was otherwise erroneous, reversal is not required in the circumstances of this case. The counts were struck without prejudice to their be-

ing refiled in a separate complaint. Beyond a naked assertion of "actual prejudice," the Rutledges and Local 555 have not suggested how, if at all, the district court's order affected their substantial rights. The error was therefore harmless. 28 U.S.C. § 2111; *Kotteakos v. United States*, 328 U.S. 750, 763–66, 66 S.Ct. 1239, 1247–48, 90 L.Ed. 1557 (1946).

AFFIRMED.