696 F.2d 1267
 AMERICAN RE-INSURANCE COMPANY, Plaintiff-Appellee,
v.
The INSURANCE COMMISSIONER OF the STATE OF CALIFORNIA, etc.,
et al., Defendants,
and
Dr. Robert Watanabe and Rauel Sawyer,
Defendants-Counterclaimants-Appellants.
State of Nevada, Intervenor.
 No. 82-5335.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 8, 1982.
Decided Jan. 21, 1983.
 
 Edward J. Horowitz, Law Offices of Ned Good, Law Offices of Samuel Shore, Los Angeles, Cal., for defendants-counterclaimants-appellants.
 John H. Brinsley, Martha Bannerman, Adams, Duque & Hazeltine, Los Angeles, Cal., for plaintiff-appellee.
 Franklin W. Nutter and Richard J. Brooks, Washingon, D.C., for amicus curiae.
 Appeal from the United States District Court for the Central District of California.
 Before WRIGHT, WALLACE, and ALARCON, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 American Re-Insurance Company sued for declaratory relief to clarify its liabilities as the reinsurer of the insolvent Imperial Insurance Company's policies. Defendant Imperial policyholder Dr. Watanabe counterclaimed, alleging that American breached a duty imposed upon insurers by the California Insurance Code to seek settlement of claims against Dr. Watanabe's policy, and that it violated his constitutional right to equal protection of the laws. This appeal is from the entry of summary judgment against Watanabe on both counterclaims.
 
 FACTS
 
 2
 Imperial Insurance Company issued a three million dollar malpractice insurance policy to Dr. Watanabe and reinsured against its own liability under the policy by contract with American Re-Insurance Company. Imperial became insolvent and the California Insurance Commissioner was named conservator and liquidator.
 
 
 3
 Meanwhile, Rauel Sawyer filed a malpractice suit against Dr. Watanabe. Settlement negotiations followed, with Sawyer, Watanabe, the California Insurance Commissioner, and the California Insurance Guarantee Association (CIGA) participating. A settlement was reached and judgment entered against Watanabe for $2,650,000. CIGA paid $499,000 of the judgment.
 
 
 4
 In response to conflicting claims of entitlement to the proceeds of Imperial's reinsurance, American filed this suit. Watanabe's counterclaims alleging breach of a statutory duty to settle and deprivation of constitutional rights were dismissed, the court holding that American's duty to pay proceeds ran to the liquidator of Imperial.
 
 
 5
 American sought attorneys' fees pursuant to 42 U.S.C. Sec. 1988. That motion was pending when the Notice of Appeal was filed.
 
 
 6
 Because Watanabe assigned his rights arising from Sawyer's malpractice claim to Sawyer, Watanabe is no longer a party to this appeal.
 
 I. Jurisdiction
 
 7
 We reject the appellee's argument that the February 1982 order disposing of all issues other than appellee's motion for attorneys' fees is not a final order and therefore not appealable.
 
 
 8
 A section 1988 attorneys' fees request involves issues collateral to the main cause of action. White v. New Hampshire Department of Employment Security, 455 U.S. 445, 454, 102 S.Ct. 1162, 1166-67, 71 L.Ed.2d 325 (1982). The finality of the judgment on the merits does not depend on resolution of the collateral attorneys' fee request. Obin v. District No. 9 of the International Association of Machinists and Aerospace Workers, 651 F.2d 574, 582-84 (8th Cir.1981); Swanson v. American Consumer Industries, Inc., 517 F.2d 555, 559-61 (7th Cir.1975); see White, 102 S.Ct. at 1167 n. 14 (noting circuit court authority for this rule); Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157 (1881) (collateral attorneys' fee award appealable though main litigation still pending).
 
 
 9
 This circuit held recently that when a notice of appeal is filed before entry of a post-judgment attorneys' fee award, the court of appeals lacks jurisdiction to review that award. Culinary and Service Employees Union, AFL-CIO Local 555 v. Hawaii Employee Benefit Administration, Inc., 688 F.2d 1228, 1232 (9th Cir.1982). By considering the merits in that case we impliedly recognized the independent appealability of the judgment on the main cause of action and the fee award.
 
 
 10
 The finality of a judgment on the merits of a cause of action is not affected by the existence of a pending section 1988 motion for attorneys' fees.
 
 II. The Statutory Duty to Pursue Settlement
 
 11
 We reject the appellant's contention that California Insurance Code Section 790.03(h)(5) imposes upon the reinsurer a duty to pursue settlement of claims against a policyholder.
 
 Section 790.03 provides in relevant part:
 
 12
 The following are hereby defined as ... deceptive acts or practices in the business of insurance.
 
 
 13
 * * *
 
 
 14
 (h) Knowingly committing ... any of the following unfair claims settlement practices:
 
 
 15
 * * *
 
 
 16
 (5) Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims in which liability has become reasonably clear.
 
 
 17
 Cal.Ins.Code Sec. 790.03 (West 1972).
 
 
 18
 Appellant concedes that he has no right to reinsurance proceeds, which American must pay to the liquidator. Excess & Casualty Reinsurance Association v. Insurance Commissioner, 656 F.2d 491, 495-96 (9th Cir.1981); see Cal.Ins.Code Sec. 922.2. He contends that he seeks tort damages for breach of the duty imposed upon American by section 790.03(h)(5).
 
 
 19
 Appellant asserts that imposition of a duty to pursue settlement upon American would not conflict with its duty to pay all proceeds to the liquidator. If American had settled Sawyer's claim before Imperial was found liable, appellant contends that no reinsurance proceeds would have been generated. The argument is unsound.
 
 
 20
 If American pays a settlement of a claim against a policy by reason of its status as reinsurer, it is distributing reinsurance proceeds. Therefore, a duty to pursue settlement would conflict with the reinsurer's recognized duty to pay all reinsurance proceeds to the liquidator. It also would frustrate the California legislature's effort to preserve the insolvent insurer's assets, including reinsurance proceeds, in the hands of the liquidator, for distribution pursuant to statutory priorities. See Cal.Ins.Code Secs. 922.2, 1033.
 
 
 21
 Appellant's reliance on Royal Globe v. Superior Court, 23 Cal.3d 880, 592 P.2d 329, 153 Cal.Rptr. 842 (1979), is misplaced. Royal Globe recognized a cause of action by the claimant under a policy against the insurer for violation of section 790.03(h)(5). The holding of Royal Globe cannot be extended to a reinsurer's violation of that section, because section 790.03(h)(5) imposes no duty to pursue settlement upon the reinsurer.
 
 III. Deprivation of Constitutional Rights
 
 22
 Appellant's claim under 42 U.S.C. Sec. 1983 also is meritless.
 
 
 23
 A section 1983 cause of action is established by deprivation of a federal constitutional right under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Appellant claims that he was denied equal protection of the laws by the exclusion of claims that arise under policies that are reinsured from the benefits of section 790.03(h)(5).
 
 
 24
 Because this economic legislation does not affect fundamental rights or rely on suspect classifications, it does not offend the equal protection clause of the United States Constitution unless the classification bears no rational relationship to a legitimate state interest. City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). This classification is rationally related to the state's interest in preserving insolvent insurers' assets for the liquidators' distribution pursuant to statutory priorities.
 
 
 25
 The judgment is affirmed.