**INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL, AND REINFORCING IRONWORKERS' LOCAL UNION 75, Petitioner/Appellant/Cross-Appellee,**

v.

**MADISON INDUSTRIES, INC., an Arizona Corporation, Respondent/Appellee/Cross-Appellant.**

**Nos. 82–5985, 83–1644.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 1984.

Decided May 15, 1984.

David W. Curtis, Phoenix, Ariz., for petitioner/appellant/cross-appellee.

Paul M. Peterson, Jerome L. Froimson, Jerome L. Froimson, Ltd., Phoenix, Ariz., for respondent/appellee/cross-appellant.

Before GOODWIN, PREGERSON, and NELSON, Circuit Judges.

PREGERSON, Circuit Judge:

This case concerns the effect of an unresolved attorney's fees request on the finality of a merits judgment. For the reasons explained below, we announce the rule that a judgment on the merits is a separate, final, and appealable decision—even though a request for attorney's fees is involved.

## FACTS

Pursuant to Labor Management Relations (Taft-Hartley) Act § 301, 29 U.S.C. § 185 (1982), Local 75 of the Ironworkers Union (Local 75) filed a petition in the

district court to compel Madison Industries (Madison) to arbitrate a subcontracting provision in a collective bargaining agreement. A dispute arose when Madison subcontracted work to an employer who was not signatory to a labor agreement with Local 75. Madison refused to arbitrate the grievance and asserted that the matter fell within an exception to the arbitration clause.

After filing the petition, Local 75 moved the district court for summary judgment. Madison filed a cross-motion for summary judgment and requested attorney's fees. On July 9, 1982, the district court filed its order granting Madison's cross-motion for summary judgment, but failed to rule on Madison's attorney's fees request.

On July 20, 1982, Madison, as prevailing party, filed a separate motion for attorney's fees. On August 23, 1982, the district court orally denied the motion for fees. Local 75 then submitted to the court a proposed order describing Madison's motion for attorney's fees as a motion to amend the July 9, 1982 merits judgment by requesting an award of fees. This order "denying [Madison's] Motion to Amend Judgment and award Attorney's Fees" was entered on November 5, 1982.

On November 19, 1982, Local 75 filed its notice of appeal from both the July 9, 1982 judgment granting Madison's cross-motion for summary judgment and denying Local 75's motion for summary judgment, "and [the] Judgment entered on November 5, 1982," denying Madison's request for attorney's fees.

## DISCUSSION

The courts of appeals have jurisdiction over appeals from all final decisions of the United States district courts. 28 U.S.C. § 1291 (1982). A notice of appeal must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from. 28 U.S.C. § 2107 (1982); Fed.R.App.P. 4(a). A timely notice of appeal, that is, one filed within the 30-day time limit, is mandatory and jurisdictional. *Browder v. Director, Department of Corrections*, 434 U.S. 257,

264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (9–0 decision).

Local 75 filed its notice of appeal on November 19, 1982. The notice was filed within 30 days of the November 5, 1982 order denying Madison's request for an award of attorney's fees, but more than 30 days after the district court's July 9, 1982 order granting summary judgment on the merits in favor of Madison.

The crucial question presented by this appeal is the effect of the November 5, 1982 order denying Madison's fees request on the finality of the July 9, 1982 merits judgment.

In seeking the answer to this question, we first turn to *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), in which the Supreme Court addressed a related issue. *White* held that a request for attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (Supp. V 1981), filed 4½ months after entry of judgment, was not a "motion to alter or amend the judgment" subject to Fed.R.Civ.P. 59(e)'s requirement that such a motion be served not later than 10 days after entry of judgment. In reaching its decision, the Court observed that requests for attorney's fees under § 1988 raise legal issues collateral to the main action; that a court's determination of entitlement to such fees requires an inquiry separate from the decision on the merits; and that such fees are not compensation for the injury giving rise to the action. *White*, 455 U.S. at 451–52, 102 S.Ct. at 1166–67.

Despite its narrow holding, the net result of the Court's decision in *White* is that the underlying decision on the merits is final and appealable before the entry of an order awarding fees under § 1988. *See White*, 455 U.S. at 452–53 n. 14, 102 S.Ct. at 1166–67 n. 14 (discussing with approval decisions of various courts of appeals holding that decisions on the merits may be "final" and "appealable" prior to entry of a fees award).

Following the Supreme Court's decision in *White*, we held in *American Re-Insurance Co. v. Insurance Commissioner*, 696 F.2d 1267, 1268 (9th Cir.1983), that the finality of a merits judgment does not depend on the resolution of a pending § 1988 motion for attorney's fees. In *American Re-Insurance*, we relied in part on our decision in *Culinary & Service Employees Local 555 v. Hawaii Employee Benefit Administration, Inc.*, 688 F.2d 1228 (9th Cir.1982). In *Culinary & Service Employees*, we held that when a notice of appeal from a merits judgment is filed before entry of a post-judgment attorney's fees award, the court of appeals lacks jurisdiction to review the attorney's fees award unless a separate notice of appeal is filed in connection with that award. *Culinary & Service Employees*, 688 F.2d at 1232.

We noted in *American Re-Insurance* that by considering the merits in *Culinary & Service Employees*, we had implicitly recognized the independent appealability of the merits judgment and the fees award under 29 U.S.C. § 1132(g) (1982).[1] *American Re-Insurance*, 696 F.2d at 1268. More recently, we also held that a district court retains the power to award attorney's fees after a notice of appeal from the decision on the merits has been filed. *Masalosalo v. Stonewall Insurance Co.*, 718 F.2d 955, 957 (9th Cir.1983).

We have not yet decided, however, whether a merits judgment, as a general rule, is final and appealable when a request for attorney's fees remains unresolved.[2]

The Fifth Circuit in *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983), and the Tenth

Circuit in *Cox v. Flood*, 683 F.2d 330 (10th Cir.1982), have recently examined this question and adopted different approaches.

The Fifth Circuit first determines the nature of the unresolved fees request. If the request for fees is similar to an application for costs or is collateral to the action, then the underlying merits judgment is final and appealable. If, on the other hand, attorney's fees are considered an integral part of both the merits of the case and the relief sought, then the underlying judgment, absent a determination of the fees issue, would not be considered as final and appealable. *Holmes*, 682 F.2d at 1146; *accord Oxford Production Credit Association v. Duckworth*, 689 F.2d 587 (5th Cir. 1982) (applying *Holmes*).

In *Cox v. Flood*, the Tenth Circuit read *White v. New Hampshire Department of Employment Security* as indicating that the Supreme Court regards all attorney's fees requests as raising collateral issues. *Cox*, 683 F.2d at 331. Thus, in the Tenth Circuit, judgments finally disposing of the merits are final and appealable even though questions relating to attorney's fees are unresolved. *Id.; accord Clulow v. Oklahoma*, 700 F.2d 1291, 1293 n. 1 (10th Cir.1983) (reaffirming *Cox*).

We prefer the Tenth Circuit's bright-line rule to the Fifth Circuit's case-by-case approach. *Accord* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3915, at 308–09 (Supp.1983) (reading *White v. New Hampshire Department of Employment Security* same way that Tenth Circuit does). From the standpoint of efficient judicial administration, we

---

1. A district court has discretion to allow reasonable attorney's fees in an action that a participant, beneficiary, or fiduciary of an employee benefit plan brings under subchapter I of the Employee Retirement Income Security (ERISA) Act of 1974, 29 U.S.C. §§ 1001–1145 (1982).

2. Madison bases its request for attorney's fees on *United Steelworkers v. Butler Mfg. Co.*, 439 F.2d 1110 (8th Cir.1971), and *General Drivers & Helpers Union v. Young & Hay Transp. Co.*, 522 F.2d 562 (8th Cir.1975). In those cases, the Eighth Circuit affirmed awards of attorney's

fees in suits under Labor Management Relations (Taft-Hartley) Act § 301, 29 U.S.C. § 185 (1982). Madison also relies on Ariz.Rev.Stat. Ann. § 12–341.01 (West 1982), which authorizes a court to award the successful party reasonable attorney's fees in any contested contract action.

Our disposition of this case on jurisdictional grounds obviates our need to reach the issue of Madison's entitlement to fees under either federal or state law. We therefore express no view on this subject.

believe that the Tenth Circuit rule is superior for three reasons.

First, the case-by-case approach will spawn a whole new body of law dealing with whether and when a party has taken a timely appeal. Judges will devote considerable resources to developing this new body of law to face the myriad cases in which, for whatever reason, parties cannot appeal merits and fees determinations simultaneously. We do not oppose developing a new body of law out of concern for more work for our courts. But we do oppose expending judicial resources when it is unnecessary to do so.

Second, the case-by-case approach can heighten the inherent tension that already exists between attorney and client when the subject of fees comes up. In many cases, especially in complex litigation, counsel deliberately waits out post-judgment motions and the appeal from the merits before seeking fees. Part of the reason is that it looks unseemly when the lawyer seeks a fee before the client's case is successfully concluded. Were we to adopt the Fifth Circuit approach, a lawyer concerned about preserving both his chance to collect a fee and the client's appeal would probably try always to adjudicate the two issues together. The incentive for this dual adjudication—the fear of making a mistake by failing correctly to guess when we will think an appeal is timely—could limit counsel's post-judgment litigation strategy.

Finally, the Fifth Circuit approach tends to be retrospective: the court of appeals decides after the fact whether the appeal was timely. The Tenth Circuit rule, on the other hand, tends to be prospective: it puts everyone on notice that merits decisions and fees decisions will be treated separately. Thus, the Tenth Circuit rule reduces the odds of an "unfair" determination that an appeal was untimely. The Tenth Circuit rule provides counsel with a device for anticipating the future; the Fifth Circuit approach merely encourages counsel to make an educated guess.

We are aware that the Tenth Circuit rule, in some cases, could lead to "piecemeal" appeals of merit judgments and fees awards. But we considered this potential problem in *Metcalf v. Borba,* 681 F.2d 1183, 1187–88 (9th Cir.1982) (holding that attorney's fees requests under 42 U.S.C. § 1988 (Supp. V 1981) are not "costs" within the meaning of Fed.R.Civ.P. 54(d) & 58), and concluded that the situation could be avoided by appropriate local rules. "The local procedure governing attorney's fees should be designed to assure that all issues arising out of a single lawsuit can be considered in one appellate proceeding." *Metcalf,* 681 F.2d at 1188.

In *Metcalf,* we also noted with approval the Eighth Circuit's recommendations in *Obin v. International Association of Machinists & Aerospace Workers,* 651 F.2d 574, 583 (8th Cir.1981). In *Obin,* the Eighth Circuit suggested that the district court, to avoid piecemeal review, could delay entering judgment on the merits until the fees question was resolved, thereby disposing of both the merits and attorney's fees issues in a single judgment. In the alternative, the Eighth Circuit suggested that, if attorney's fees issues were to be decided *after* entry of judgment on the merits, then the district court should adopt a uniform rule requiring that fees requests be filed no later than 21 days after entry of judgment. *Id.*

## CONCLUSION

We adopt the rule that all attorney's fees requests are collateral to the main action. Thus, a judgment on the merits is final and appealable even though a request for attorney's fees is unresolved.

■ In the case before us, judgment on the merits was entered on July 9, 1982. Because Local 75's notice of appeal, filed November 19, 1982, was well beyond the 30-day period, we dismiss the appeal for lack of jurisdiction.[3]

---

**3.** We do not reach the merits of the district court's denial of attorney's fees. Madison's request that its cross-appeal for fees be dismissed if we dismiss Local 75's appeal is granted.