McLANE & McLANE, an Arizona law partnership; William Lee McLane and Nola McLane, Plaintiffs-Appellants,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation, Defendant-Appellee.

No. 83-2617.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 1984.

Decided June 26, 1984.

William Lee McLane and Nola McLane, pro se, and McLane & McLane, Phoenix, Ariz., for plaintiffs-appellants.

Richard A. Segal, Gust, Rosenfeld, Divelbess & Henderson, Phoenix, Ariz., for defendant-appellee.

Before CHOY, PREGERSON and REINHARDT, Circuit Judges.

CHOY, Circuit Judge:

The district court granted Prudential Insurance Company of America's (Prudential) motion for summary judgment and denied McLane & McLane's summary judgment motion. We reverse and direct the district court to enter summary judgment for the plaintiffs and to determine the amount of damages to be awarded.

I. BACKGROUND

On June 15, 1973, McLane & McLane, an Arizona law firm, and Valley Bank Building, Inc. (Valley Bank) entered into a lease agreement. McLane & McLane leased the twenty-ninth floor of the Valley Center from Valley Bank for a "term of ... five (5) years (or sooner terminated as herein provided), commencing on the 15th day of Sept., 1973." The lease gave McLane & McLane the option "to extend the term of the Lease for the further term of five (5) years upon the same terms and conditions, with the exception of rent, upon written notice given to Landlord at least six (6) months before the end of the term hereof."

On March 8, 1978, over six months prior to the expiration of the original lease term, McLane & McLane notified Valley Bank that it was exercising its option to renew. Sometime thereafter, Prudential succeeded

Valley Bank as McLane & McLane's landlord.

After McLane & McLane exercised its option to renew, Edwin L. Grose, president of the managing and leasing agent for the landlord, visited McLane & McLane's offices to discuss the rental rate for the additional five-year period, according to an affidavit of William Lee McLane, a partner of the McLane & McLane firm. McLane allegedly notified Grose at that meeting that McLane & McLane needed a further five-year option for the 1983–1988 period. Then, according to McLane, Grose telephoned McLane to notify him that the landlord agreed to a second five-year option, and that an amendment to the lease would take care of that matter.

On September 15, 1978, McLane & McLane and Prudential executed an amendment to the lease which, in pertinent part, provided:

1. Paragraph 1 of the Lease, entitled "Term" is hereby amended to another term of five years beginning September 15, 1978.

2. In Paragraph 2 of the Lease, the figure $1,220.53 is hereby substituted for the figure $1,097.87.

3. In Paragraph 3 of the Lease, the base year 1979 is hereby substituted for 1974.

4. Except as herein expressly and specifically amended and supplemented, the Lease shall remain in full force and effect.

On March 2, 1983, more than six months prior to the expiration of the second five-year lease term, McLane & McLane notified Prudential that it was exercising its option to renew under the amended lease for the 1983–1988 period. In the fall of 1982, Prudential had notified McLane & McLane of its position that McLane & McLane did not have an option to renew the lease for a third five-year term commencing September 15, 1983.

On March 7, 1983, McLane & McLane and the individual plaintiffs, William and Nola McLane, sued Prudential for a declaratory judgment that they were entitled to renew the lease for a third five-year term. Plaintiffs and defendant moved for summary judgment, and the district court granted Prudential's motion, holding that the original lease and the amendment "do not create any option to extend the term of the Lease beyond September 14, 1983." In so holding, the district court judge examined "the language employed and the matters stated in the Amendment to the Lease," which the judge found unambiguous.

## II. DISCUSSION

■ The district court's interpretation of the unambiguous amended lease is a question of Arizona law, freely reviewable by this court. *See Taylor-Edwards Warehouse & Transfer Co. v. Burlington Northern, Inc.*, 715 F.2d 1330, 1333 (9th Cir.1983); *Culinary & Service Employees Union v. Hawaii Employee Benefit Administration, Inc.*, 688 F.2d 1228, 1230 (9th Cir.1982) (dictum); *Van Cleef v. Aeroflex Corp.*, 657 F.2d 1094, 1099 (9th Cir. 1981) (applying Arizona law); *Tucker v. Byler*, 27 Ariz.App. 704, 707–08, 558 P.2d 732, 735–36 (1976). When contract language is unambiguous, we must interpret the language as written, without reference to extrinsic evidence. *See Isaak v. Massachusetts Indemnity Life Insurance Co.*, 127 Ariz. 581, 584, 623 P.2d 11, 14 (1981) (en banc); *Hadley v. Southwest Properties, Inc.*, 116 Ariz. 503, 506, 570 P.2d 190, 193 (1977) (en banc).

■ McLane & McLane persuasively argues that the plain meaning of the amended lease gave McLane & McLane the right to renew the lease for the 1983–1988 period. The amendment extended the "term" of the lease through September 14, 1983. The option clause, which remained "in full force and effect" after the amendment, gave McLane & McLane the option to renew the lease for five years beyond the "term" of the lease. The amendment changed the meaning of "term" throughout the lease. We may presume that words have the same meaning throughout the contract. *See Miller Cattle Co. v. Mattice,*

38 Ariz. 180, 188, 298 P. 640, 643 (1931); 4 S. Williston, *A Treatise on the Law of Contracts* § 618, at 715–16 (3d ed. 1961).

Moreover, because the renewal of the original lease did not require an amendment, we may infer that the parties amended the lease, instead of simply renewing it, to keep the option clause in effect. If Prudential had not wished to give McLane & McLane another five-year option, it could easily have renewed the original lease by executing a separate renewal letter, or by amending the lease and deleting the option clause. A formal lease amendment was not necessary to memorialize the new, increased rent for the extended term.

Prudential relies principally on *Tucker v. Byler*, 27 Ariz.App. 704, 558 P.2d 732 (1976) to argue that McLane & McLane does not have an option to renew for a third five-year term, commencing on September 15, 1983. In *Tucker*, the lessee had an option to renew a one-year lease "for the further period of 1 year from the expiration of the term granted hereby ... on all the terms, conditions and covenants herein specified, including this renewal option ...." *Id.* at 706, 558 P.2d at 734. The court construed the lease as providing a maximum lease period of three years. It rejected the other possible construction of the lease as a perpetual lease because of the "policy against perpetuities." *Id.* at 707, 558 P.2d at 735.

■ This case, unlike *Tucker*, does not involve the enforcement of a perpetual lease. McLane & McLane does not argue that it has the right, *ad infinitum*, to renew the lease. Even as amended, the lease provision conferring the option to renew, unlike the provision in *Tucker*, did not

state that it was itself renewable. McLane & McLane only seeks a single renewal of the amended lease. Our enforcement of the single renewal of the amended lease, therefore, does not violate the policy against perpetuities.[1]

REVERSED AND REMANDED.

---

1. Prudential cites other cases that may be similarly distinguished. They hold that a renewal clause does not itself give the tenant the right to renew the lease *ad infinitum* unless specifically provided. *See Burke v. Permian Ford-Lincoln-Mercury*, 95 N.M. 314, 316, 621 P.2d 1119, 1121 (1981) (no perpetual lease found under general rule that "the lease will be construed as providing for only one renewal"); *Brower v. Glen Wild Lake Co.*, 77 N.J.Super. 577, 580–81, 187 A.2d 212, 214 (Ch.Div.1962) (no perpetual lease found where renewal lease did not contain option clause), *aff'd*, 86 N.J.Super. 341, 344–45, 206 A.2d 899, 902–03 (App.Div.1965); *Schumacher v. Fatten*, 18 Ill.App.2d 387, 394, 152 N.E.2d 402, 405 (1958) (simple renewal of lease construed as containing all terms of original lease except renewal clause); *Albany Savings Bank v. R.E. Gigliotti Motor Sales*, 162 Misc. 468, 295 N.Y.S. 779, 781 (Oneida County Ct.1937) (renewal created no additional option to renew where nothing in the renewal letters stated "that the option to renew is itself renewed").