Richard DARATONY, Plaintiff–
Appellant,

v.

CONTINENTAL ASSURANCE COMPANY, a foreign corporation; Trustmark Insurance Company (Mutual), a foreign corporation; and Continental Casualty Company, a foreign corporation dba CNA Insurance Group, Defendant–Appellees.

Richard Daratony, Plaintiff–Appellee,

v.

Continental Assurance Company, a foreign corporation; Trustmark Insurance Company (Mutual), a foreign corporation; and Continental Casualty Company, a foreign corporation dba CNA Insurance Group, Defendant–Appellants.

No. 00–15164, 00–15168.

D.C. No. CV–97–663–TUC–FRZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 18, 2001.

Decided May 25, 2001.

Before NOONAN and SILVERMAN, Circuit Judges, and LASNIK[1].

## MEMORANDUM[2]

Plaintiff Richard Daratony (Daratony) appeals the district court's denial of his motion to amend his complaint to assert a claim for insurance bad faith against defendants (CNA). CNA separately appeals the district court's denial of its motion for attorney's fees. For the reasons set forth, we affirm each denial.

The parties are familiar with the facts and the proceedings, and we refer to them only insofar as necessary to resolve the issues presented for appeal. At the center of this case is a lump-sum settlement in response to a threatened class action that terminated CNA's responsibilities and Daratony's rights under a disability insurance policy that Daratony had purchased from CNA. The policy itself did not explicitly provide for a lump-sum settlement. As part of the settlement, Daratony's counsel reviewed, and Daratony himself signed, a broad general release which provides in pertinent part:

> Releasor [i.e., Daratony] hereby agrees to fully remise, release and forever discharge Released Parties [i.e., CNA] from all manner of actions, claims, demands, causes of action, accounts, suits, debts, agreements, promises, damages and judgments whatsoever, whether in law or in equity, for, upon, or by reason of anything done or omitted to be done by the Released Parties at any time prior to the date hereof, including, without limitation, any liability under the Policy, any claims made under the Policy or any benefits payable under the Policy.... The parties intend this to be a general, unlimited release of all claims Releasor now has or may later have against any of the Released Parties..., and it should be so construed.

Under the belief that CNA had valued the lump-sum settlement using a life-expectancy that differed from what CNA had agreed to use, Daratony filed a claim for fraud, alleging that CNA undervalued the lump-sum settlement. CNA moved for summary judgment on the fraud claim, and the district court granted the motion. (Daratony does not appeal that decision.) The district court had permitted Daratony to file a motion to amend the complaint in

---

1. The Hon. Robert Lasnik, U.S. District Judge for the Western District of Washington sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

his response to CNA's motion for summary judgment, but, in a somewhat peculiar procedural move, the district court did not rule on the motion to amend until after granting CNA's motion for summary judgment.

We review a district court's denial of a motion to amend for abuse of discretion. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.1999). Because we agree with the district court that a bad faith claim would be futile, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir.1987), we affirm the denial, although we do so on a ground different from that of the district court.

■ In determining that a bad faith claim would be futile, the district court reasoned that under Arizona law the duty of good faith and fair dealing owed by an insurer to its insured does not extend to the negotiation and settlement of a lump-sum buyout when the terms of the policy do not explicitly provide for such a buyout. We need not reach that question because the general release was in exchange for Daratony abandoning the class action suit he had threatened to bring, and the plain language of the general release bars any bad faith claim.

■ "When contract language is unambiguous, [this court] must interpret the language as written, without reference to extrinsic evidence." *McLane & McLane v. Prudential Ins. Co.*, 735 F.2d 1194, 1195 (9th Cir.1984) (citing *Isaak v. Mass. Indemnity Life Ins. Co.*, 127 Ariz. 581, 623 P.2d 11, 14 (1981) (in banc)). The general release is unambiguous and bars "all...claims...whatsoever...for, upon, or by reason of anything done or omitted to be done by [CNA]," which, reasonably interpreted, includes a claim for insurance bad faith. Given this broad language, a claim for insurance bad faith would be futile and subject to dismissal. "A district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). Therefore, the district court did not abuse its discretion in denying Daratony's motion to amend the complaint to assert a claim of insurance bad faith.

■ The district court denied CNA's motion for attorney's fees incurred to defend the fraud claim made pursuant to Arizona Revised Statutes § 12–341.01(A), which provides that "in any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees."

We review a district court's denial of a motion for attorney's fees for abuse of discretion. *State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 963 P.2d 334, 340 (Ct.App.1998), *rev. denied*, (1999). In denying CNA's motion, the district court reasoned that to prevail on his fraud claim, Daratony "did not need to prove a breach of the buy-out agreement." Moreover, the district court noted that "CNA knew [Daratony] was entering into the buy-out agreement while under a unilateral mistake of fact" and that "CNA's hands were not clean." Thus even if, as CNA argues, the district court erred in concluding that Daratony's claim did not arise out of contract, we have no authority to disturb the denial of the motion because "there is [a] reasonable basis for the decision," *Id.*

For the foregoing reasons, we AFFIRM the denial of Daratony's motion to amend the complaint to assert a claim for insurance bad faith and AFFIRM the denial of CNA's motion for attorney's fees.