**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA, *ex rel.*
JODY SHUTT,
              *Plaintiffs-Appellees,*

              v.

COMMUNITY HOME AND HEALTH
CARE SERVICES, INC., a California
corporation; NIDA M. CAMPANILLA,
an individual,
              *Defendants-Appellants.*

No. 07-56060

D.C. No.
CV-04-02075-
MMM

OPINION

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted
November 17, 2008—Pasadena, California

Filed December 16, 2008

Before: Myron H. Bright,* Stephen S. Trott, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Hawkins

---

*The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

**COUNSEL**

Jeffrey A. Clair (presented argument and authored brief), United States Department of Justice, Washington, D.C., for the plaintiffs-appellees.

Eric Olson (presented argument) and John M. Gantus (authored brief), John M. Gantus & Associates, Glendale, California, for the defendants-appellants.

**OPINION**

HAWKINS, Circuit Judge:

Facing a question of first impression, we conclude that an order granting summary judgment is final and appealable under 28 U.S.C. § 1291 even though the district court retained

jurisdiction over a pending claim by a qui tam relator for a share of the award under the False Claims Act ("FCA"), 31 U.S.C. § 3730(d).[1]

## FACTS

Relator Jody Shutt originated this FCA action against Nida Campanilla ("Campanilla"), the sole owner and president of Community Home and Health Care Services ("Community Home"), an agency that provided nursing and home health services and received at least $2.77 million in Medicare reimbursements from May 2003 to August 2004.

Subsequently, the United States pursued criminal charges against Campanilla who entered a guilty plea to one count of health care fraud, in violation of 18 U.S.C. § 1347. In the agreement, she stipulated to making illegal payments to physicians, patients, and marketers, forging physician signatures on Medicare forms documenting the medical necessity of claimed services, submitting reimbursement claims to Medicare for home health services she knew were not medically necessary, and submitting reimbursement claims for services that were not performed as represented. Campanilla also admitted that the scheme had caused Medicare a loss of at least $608,558.49 and agreed to make full restitution of that amount.

Several months later, the United States intervened in this FCA suit against Campanilla and Community Home, raising both FCA claims and separate common law claims and seeking a civil penalty of $5,500 and treble damages. The district court granted partial summary judgment to the government, awarding a civil penalty of $5,500 and treble the damages

---

[1]Although the Fifth Circuit appears to consider potential litigation over the relator's share to be "collateral" to the main action, it has addressed the issue only in dicta. *See United States v. United States ex rel. Thornton*, 207 F.3d 769, 773 (5th Cir. 2000).

Campanilla had admitted in her plea agreement.[2] The district court dismissed the government's remaining common law claims without prejudice while retaining jurisdiction over the relator's claim for a share of the judgment pursuant to 31 U.S.C. § 3730(d).

## DISCUSSION

**[1]** We have jurisdiction over appeals from all final decisions of the United States district courts. 28 U.S.C. § 1291. Although the parties do not dispute appellate jurisdiction, the court must consider sua sponte whether an order is final and thus appealable under 28 U.S.C. § 1291. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc). A prevailing party's decision to dismiss its remaining claims without prejudice generally renders a partial grant of summary judgment final. *United Nat'l Ins. Co. v. R & D Latex Corp.*, 141 F.3d 916, 918 (9th Cir. 1998).

**[2]** In concluding that a relator's pending claim against the United States for a share in the judgment does not interfere with the finality of the district court order, we are guided by *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445 (1982). There the Supreme Court addressed a related issue: whether a request for attorney's fees raises legal issues collateral to the main action prompting an inquiry separate and apart from the decision on the merits. *Id.* at 451-52. Following *White*, we held that a district court retains the power to award attorney's fees after a notice of appeal from the decision on the merits has been filed, *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983), and adopted the "bright-line rule" that "all attorney's fees requests are collateral to the main action," rendering a "judgment on the merits . . . final and appealable even though a request for attorney's

---

[2]In a separate memorandum disposition, we deal with Campanilla's claims that the civil judgment violated constitutional guarantees against double jeopardy and excessive fines.

fees is unresolved," *Int'l Assoc. of Bridge Local Union 75 v. Madison Indus., Inc.*, 733 F.2d 656, 659 (9th Cir. 1984).

**[3]** Although relators' claims for a percentage of FCA awards are likely to be larger in amount than those of attorneys in some instances, those claims are similarly "collateral" to the judgment on the merits. Congress's decision to allow qui tam relators a share of FCA awards is designed to encourage relators to initiate FCA suits and to compensate them for their efforts. The determination of the relator's share of an FCA award, like the award of attorney's fees, raises factual issues "collateral to the main action" because it involves a factual inquiry distinct from one addressing the merits.

**[4]** The criteria for determining the relator's share, as set out in the Department of Justice's "Relator's Share Guidelines" ("Guidelines"), generally are not relevant to the defendant's liability under the FCA. *See* Marc S. Raspanti & David M. Laigaie, *Current Practice and Procedure Under the Whistleblower Provisions of the Federal False Claims Act*, 71 Temp. L. Rev. 23, 53 (1998) (quoting the Guidelines). For example, the Guidelines suggest considering the circumstances in which the relator reported the false claims, the report's effects, the extent of the relator's relevant knowledge, the level of assistance provided by the relator and the relator's counsel, and any substantial adverse impact on the relator of filing the complaint. *Id*.

**[5]** To be sure, the existence of a nationwide practice and the potential safety issues involved may be relevant both to the merits and to allocating the award. *See id.* However, these determinations, along with other criteria noted in the Guidelines, including the size of the award and the scope of the FCA proceeding, *id.*, usually cannot be fully resolved until after the merits of the FCA claim have been addressed. The district court would therefore rarely have occasion to determine the relator's share of an award prior to or even simultaneously with the merits of the underlying claim.

The important purpose of promoting efficient judicial administration, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974), is also better served by treating the relator's claim as collateral to the merits. Although such a rule creates some risk of occasional "piecemeal" appeals, in many instances a court of appeals ruling on the merits of a dispositive motion might make an allocation of the award between the government and the relator unnecessary or duplicative. For example, where a district court incorrectly grants a plaintiff's summary judgment motion, an opportunity to review that judgment avoids the need for the district court to determine the relator's share when the claims should have been dismissed or when an ensuing trial would require a new allocation of the award to reflect the relator's participation.

## CONCLUSION

[6] For these reasons, we hold a judgment on the merits of an FCA claim is a separate, final, and appealable decision even where the district court has retained jurisdiction over the collateral issue of allocating the FCA award between the United States and the relator. We therefore reach the merits of this appeal and affirm the district court's grant of summary judgment for the reasons stated in an unpublished memorandum disposition filed herewith.

**AFFIRMED**.