NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHOTOFIXITPRO, INC., | No. 23-55548 |
| Petitioner-Appellant, | D.C. No. 2:22-cv-08955-PA-MAA |
| v. | MEMORANDUM[*] |
| COSTCO WHOLESALE CORPORATION, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 10, 2024[**]
Pasadena, California

Before: W. FLETCHER, CHRISTEN, and VANDYKE, Circuit Judges.

Appellant PhotoFixItPro, Inc. (PFP) appeals from the district court's order granting Appellee Costco Wholesale Corporation's (Costco) Motion to Confirm the Arbitration Award. While we generally have jurisdiction under 28 U.S.C. §§ 1291,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1332, because PFP's notice of appeal was untimely, we dismiss for lack of jurisdiction.

Subject to narrow exceptions not applicable here, a notice of appeal must be filed within thirty days after the entry of the order or judgment appealed from. Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a). This "is a nonwaivable jurisdictional requirement." *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007). PFP did not file the operative notice of appeal until ninety-five days after the entry of the relevant order and judgment, significantly after the thirty-day deadline.

While the notice of appeal was filed within thirty days of the order granting fees, requests for attorneys' fees are collateral to the main action and so "a judgment on the merits is final and appealable even though a request for attorney's fees is unresolved." *Int'l Ass'n of Bridge, Structural, Ornamental, & Reinforcing Ironworker's Loc. Union 75 v. Madison Indus., Inc.*, 733 F.2d 656, 659 (9th Cir. 1984). Nor did the motion for attorneys' fees automatically toll the time to appeal. Such tolling occurs only "if the district court extends the time to appeal under Rule 58," *Nutrition Distrib. LLC v. IronMag Labs, LLC*, 978 F.3d 1068, 1073 (9th Cir. 2020) (quoting Fed. R. App. P. 4(a)(4)(A)(iii)), which the district court did not do here. We therefore lack jurisdiction to hear PFP's claims.

2

The only order we have jurisdiction to review is the order granting attorneys' fees. Although PFP appealed this order, it failed to raise any arguments regarding fees in its brief and so waived any objections to the fee order. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012) ("Claims not made in an opening brief in a sufficient manner to put the opposing party on notice are deemed waived.").

**DISMISSED.**