Samuelu MASALOSALO, a minor, By Pae-pae MASALOSALO, his mother and Guardian Ad Litem, and Paepae Masalo-salo, Plaintiffs-Appellants,

v.

STONEWALL INSURANCE COMPANY, Defendant-Appellee.

No. 82–4696.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 19, 1983.

Decided Oct. 20, 1983.

John R. Lacy, Goodsill, Anderson & Quinn, Honolulu, Hawaii, for defendant-appellee.

Joseph A. Ryan, Ryan & Ryan, Honolulu, Hawaii, for plaintiffs-appellants.

Before MERRILL, WRIGHT, and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Senior Circuit Judge:

Two principal issues are presented by this appeal. First, does the filing of a notice of appeal from an entry of summary judgment divest the district court of jurisdiction to award attorneys' fees? Second, was the assessment of attorneys' fees here an abuse of discretion?

## FACTS

In the underlying diversity suit, the Masalosalos sued Stonewall Insurance for damages based on unfair claims settlement practices following an accident involving Samuelu Masalosalo. The district court granted summary judgment for the defendant. That judgment was affirmed by this court by unpublished decision. *Masalosalo v. Stonewall Insurance Co.,* 703 F.2d 576 (9th Cir.1983).

Following notice of appeal from the summary judgment, Stonewall moved for assessment of attorneys' fees and costs against Ryan, the Masalosalos' attorney. The motion was granted on November 17, 1982 and fees of $4,586.06 were allowed. Ryan appeals from that order.

## DISTRICT COURT JURISDICTION

■ The effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal. *Griggs v. Provident Consumer Discount Co.,* —— U.S. ——, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam). That rule of exclusive appellate jurisdiction is a creature of judicial prudence, however, and is not absolute. *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1276 (9th Cir.1976). It is designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously. 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.11 at 3–44 n. 1 (2d ed. 1983).

■ The issue before us is whether a district court acts beyond its jurisdiction in awarding attorneys' fees after a notice of appeal has been filed and before this court has issued its mandate. It is an issue of first impression in this circuit.

The first circuit court to consider it concluded that insofar as the attorneys' fee award depends upon an assessment of the merits, the award must be made before the appeal is noticed or after remand. *Wright v. Jackson,* 522 F.2d 955, 957 (4th Cir.1975). The court cited the policy against piecemeal appeals as support for its decision. *Id.* at 957.

The two other circuits that have been confronted with the issue have concluded that an appeal from the merits does not foreclose an award of attorneys' fees by the district court. *Terket v. Lund,* 623 F.2d 29, 34 (7th Cir.1980) (dictum) (42 U.S.C. § 1988 fees); *Loctite Corp. v. Fel-Pro, Inc.,* 667 F.2d 577, 584 (7th Cir.1981) (following *Terket;* fees for misconduct in patent suit); *Overnite Transportation Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789, 793 (7th Cir.1983) (fees under 28 U.S.C. § 1927, for vexatious suit); *Obin v. District No. 9 of the International Association of Machinists & Aerospace Workers,* 651 F.2d 574, 583–84 (8th Cir.1981) (fees under 42 U.S.C. § 2000e–5(k) and for bad faith acts). We agree with those courts.

The Supreme Court has approved implicitly the award of attorneys' fees after an appeal has been taken. In *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Court held that the 10-day limitation on motions to amend judgment under Federal Rule of Civil Procedure 59(e) does not apply to motions for attorneys' fees awards. The Court there said,

And of course the district court can avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees. Such practice normally will permit appeals from fee awards to be considered

together with any appeal from a final judgment on the merits.

455 U.S. at 454, 102 S.Ct. at 1168 (footnote omitted). This discussion anticipates decision of attorneys' fees issues after an appeal on the merits has been taken, as it anticipates two separate appeals, which may be considered together.

The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed.[1] Recognition of that authority best serves the policy against piecemeal appeals. *Terket*, 623 F.2d at 34. *Contra, Wright*, 522 F.2d at 957. It will prevent hasty consideration of postjudgment fee motions. *See Terket*, 623 F.2d at 34. It will prevent postponement of fee consideration until after the circuit court mandate, when the relevant circumstances will no longer be fresh in the mind of the district judge. *Id.*

Recognition of continuing jurisdiction to award fees may prevent delay and duplication at the appellate level. If a district court decides a fee issue early in the course of a pending appeal on the merits, and the fee order is appealed, the appeals may be consolidated. *Id.*

■ Consolidation of the appeals here was prevented by the defendant's delay in filing its motion for fees. It was filed 101 days after judgment was entered. We affirm the district court's finding that the delay was not unreasonable. We suggest that district courts adopt local rules limiting the time for filing attorneys' fees motions to avoid any inconvenience from significant delays. *See Obin*, 651 F.2d at 583.

## PROPRIETY OF THE AWARD

The court found that Ryan "exhibited bad faith and abused the process of this court from the beginning of this case by filing a frivolous lawsuit." On that basis, it assessed fees against Ryan. The authority

upon which it relied in making the assessment is not specified.

■ The court has the inherent power to assess attorneys' fees against counsel for abuse of judicial process or other bad faith conduct of litigation. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765–66, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980). A finding of bad faith will be overturned only if clearly erroneous. *Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1298 (9th Cir.), *cert. denied*, ―― U.S. ――, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982).

■ Ryan brought a four million dollar suit on behalf of the Masalosalos, alleging unfair claims settlement. Under Hawaii law, the Masalosalos had no valid claim against Stonewall. The finding of bad faith was not clearly erroneous. Because the assessment was justified under the court's inherent power, we need not consider the other possible sources of authority offered by Stonewall.

■ The district court did not engage in a detailed review of the factors used in computing the fee award. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). However, the record shows that the court considered those factors relevant to the award. *See Rivera v. City of Riverside*, 679 F.2d 795, 796–97 (9th Cir.1982), *vacated on other grounds*, ―― U.S. ――, 103 S.Ct. 2421, 77 L.Ed.2d 1310 (1983).

The court discussed the reasonableness of the billing rate at length and indicated that it considered the nature of the services provided and the time involved. We are satisfied that the court did not abuse its discretion in fixing the amount. *See Rivera*, 679 F.2d at 797; *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839–41 (9th Cir.1982).

---

1. In *Culinary & Service Employees Union v. Hawaii Employee Benefit Administration, Inc.*, 688 F.2d 1228, 1229, 1232 (9th Cir.1982), we noted that the district court awarded attorneys' fees after the notice of appeal had been filed. We held that we had no jurisdiction to review the fee award because no notice of appeal was filed from it. *Id.* We noted no jurisdictional defect in the fees award.

## ATTORNEYS' FEES ON APPEAL

Stonewall's request for an attorneys' fees award on appeal is denied. Ryan's arguments on appeal, especially the jurisdictional argument, are not wholly without merit. *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 699 F.2d 484, 485 (9th Cir.1983).

AFFIRMED.

CHOY, Circuit Judge, dissenting:

While there is considerable support for the majority's position that the district court had jurisdiction to make the fee award in this case, I believe that Judge Aldrich's opinion for the Fourth Circuit in *Wright v. Jackson,* 522 F.2d 955 (4th Cir. 1975), better addresses the specific question of jurisdiction to make disciplinary fee awards. The contrary cases cited by the majority all concern, or follow cases concerning, fee awards under 42 U.S.C. § 1988 or 42 U.S.C. § 2000e–5(k). In fee requests under either statute, the merits of the underlying action are no longer in question. Instead, the question is simply, "How much?"[1] In cases such as this one, however, the question is essentially the same one as presented by the substantive action, namely, "Does the action have any merit?" Once again, we are asked to consider the merits of Ryan's action. I would agree with the Fourth Circuit that "insofar as a court's measure of a party's obstinacy depends on the merits of the case, it must make that assessment while the merits are before it, either prior to an appeal, or on remand after they have been settled." 522 F.2d at 958.

**1.** It is true that the measure of a party's success on the merits is a factor to be considered in awarding attorney's fees under the civil rights statutes. *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). However, the underlying merits of the civil rights action is not a question bearing on the fee award.

**2.** The *G & M* case states there are three exceptions to the prohibition of district court jurisdiction during appeal. These are: (1) orders in aid of appeal; (2) corrections of clerical errors; and (3) orders in aid of execution of a judgment. 488 F.2d at 746. *Accord In re Thorp,* 655 F.2d 997, 998 (9th Cir.1981) (per curiam).

The correctness of this approach is supported by an examination of this very case. While we considered the first appeal in this case, the district judge was ruling on the same substantive question we were, the merits of the underlying *Masalosalo* action. Had we reversed the lower court's summary judgment in our first *Masalosalo* disposition, the exact consequences that the practice of exclusive appellate jurisdiction is designed to prevent would have occurred. Two courts, considering the same issue, at the same time, would have reached contrary results. We would have found merit; the district court would have found none. This "confusion and waste of time" that could occur from contrary trial court and appellate court holdings is exactly what justifies exclusive appellate jurisdiction. *In re Thorp,* 655 F.2d 997, 998 (9th Cir.1981) (per curiam); J. Moore, B. Ward & J. Lucas, 9 *Moore's Federal Practice* ¶ 203.11 at 3–44 n. 1 (2d ed. 1983).

Moreover, I believe that the Fourth Circuit rule is better in line with the law of this court. We have held that jurisdiction over a case is immediately transferred to the court of appeals upon the filing of a sufficient notice of appeal "with respect to *any matters* involved in the appeal." *G & M, Inc. v. Newbern,* 488 F.2d 742, 746 (9th Cir.1973) (quoting 9 J. Moore, *Federal Practice* ¶ 203.11 (2d ed. 1971)) (emphasis added). *See Griggs v. Provident Consumer Discount Co.,* —— U.S. ——, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam). Although we have recognized exceptions to this rule, no exception applies to this case.[2]

However, despite the sweeping language of *G & M* and *Thorp,* a fourth exception for district court orders made for the purpose of maintaining the status quo was recognized in *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1276 (9th Cir.1976). A possible fifth exception to the rule is found in *Kaplan v. International Alliance of Theatrical & Stage Employees,* 525 F.2d 1354 (9th Cir.1975), a Title VII case, where this court allowed the district court to reserve jurisdiction for awarding damages and attorney's fees that are incurred *after* the entry of judgment in a civil rights action. *Id.* at 1363. None of these exceptions justifies the district court's fee award in this case.

The present question of the frivolousness of the Masalosalo suit was certainly a matter involved in the original appeal. This self-evident proposition draws precedential support from the *G & M* case. In *G & M,* after appeal was noticed, the district court heard and granted a motion for imposition of costs under Fed.R.Civ.P. 37(c) for expenses incurred in proving a matter that the defendant had failed to admit. This court held that the district court was without jurisdiction to make the award. The court responded to the argument that the Rule 37(c) motion related to matters not involved in the original appeal this way:

> We see no merit in this reasoning. It is true, for instance, that an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits—i.e., the merits are not matters "involved in the appeal." This is not the situation here: *the proof plaintiff was required to make as a result of defendant's failure to admit was directly involved in the verdict and judgment in the main case.* The order purports to amend the judgment. The issue of reimbursement of expenses is not "involved" in this appeal only because plaintiff failed to raise the issue in a timely fashion.

488 F.2d at 746–47 (citation omitted) (emphasis added). By comparison, the considerations that sustain the present fee award are the same considerations used to evaluate the first appeal from summary judgment. Unlike *G & M,* of course, the assessment of attorney's fees here did not purport to amend the judgment. But that cannot be determinative of whether or not a matter is involved with matters under appeal.

Although I dislike the practice of etching finer and thinner lines in the landscape of the law, the line between fee awards under the civil rights statutes and disciplinary fee awards assessed to penalize frivolous claims is a line broad enough and wide enough to inform all concerned what type of fee award may not be made when jurisdiction over a case shifts to the court of appeals.

I would vacate the judgment below for lack of jurisdiction. Accordingly, I dissent.

