**Decided September 9, 1986**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

SAIPAN SECRETARIAL/EMPLOYMENT )    CIVIL ACTION NO. 85-105
SERVICES, INC., a corporation,)
)
        Plaintiff, )
)
        vs.             )             ORDER
)
COMMONWEALTH OF THE NORTHERN )
MARIANA ISLANDS, et al.,   )
)
        Defendants. )
)

## JURISDICTION

After the court rendered a summary judgment in favor of the defendants and against the plaintiff, the Government moved for an award of fees and costs pursuant to 42 USC § 1988. Before the hearing on the motion, the plaintiff filed a notice of appeal and before proceeding with a determination of the merits of the Government's motion, the court entertained argument from counsel as to whether the court is divested of jurisdiction in light of the appeal.

The Government has provided the court with authorities indicating that the matter of setting fees is a collateral one and therefore the trial court can proceed to order fees notwithstanding the filing of a notice of appeal.

820

White vs. New Hampshire Dept. of Emp. Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982),

Masalosalo vs. Stonewal Insurance Company, 718 F.2d 955 (9th Cir. 1983). The plaintiff has provided no contrary authority and therefore the court will proceed to address the merits of the Government's motion.

## MOTION FOR ATTORNEY FEES AND COSTS

The Government recognizes the burden it shoulders in seeking fees under 42 USC § 1988. A prevailing governmental defendant is entitled to fees if the lawsuit is frivolous, unreasonable or without foundation, even though not brought in subjective bad faith. Hughes vs. Rowe, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

The Government argues that the law supporting the immunity defense was so settled that it was unreasonable for plaintiff to proceed with its suit. Additionally, it is argued that the governmental procurement regulations were so clear that plaintiff's suit was unreasonable and without foundation.

In approaching the resolution of this matter, the court, to some extent, must disect the Second Amended Complaint of the plaintiff.

The first cause of action is a breach of contract count in which the plaintiff alleges that though the Government accepted its offer of $25,000 to perform the automated records contract, the latter subsequently repudiated the contract and damages of $25,000 was alleged to be incurred by the plaintiff.

In  approaching this aspect of plaintiff's complaint at the summary judgment proceedings,  the  court  found  that  the procurement  regulations  dictated  that no contract was ever formed.  Thus the actual result of any breach of  contract  was not  reached.  It is now pointed out by the Government that even if the legal issues surrounding the  procurement   regulations were  such  that they could reasonably support plaintff's cause of action, the plaintiff, by its own admission, knew  from  the outset  that  its breach of contract action could not support a $25,000 damage claim.  This is gleaned from the  deposition  of the  plaintiff's president.[1]  In essence, it would have cost the plaintiff $40,000 to perform the contract which would include  a 10% profit  for  the plaintiff.  Thus, even if the plaintiff successfully proved the contract and breach of  same  by  the government, there were no damages.

The  plaintiff  counters with two arguments.  First, it is asserted that the deposition of its president reveals that  this contract  would have been the forerunner of future contracts and the repudiation of the contract by  the  Government  adversely reflected upon the reputation of the plaintiff.[2]  Second, even

_____

[1] Reference  is made to pages 78-80 of Ms. Pounds' deposition attached to the Government's motion for fees.  The  deposition itself has not been filed with the court.

[2] Counsel  has  referred the court to page 140 of the Pounds deposition.  Since it was not  filed  and copies  were  not supplied  to the court, the representations of counsel as to the content will be accepted.

if the contract would have been a loser for the plaintiff, it is entitled to nominal damages. Citing, 22 AmJur2d, _Damages_, §§ 5-9.

Of course, neither argument pertains to the first cause of action as pled. As to any claim that this contract would be the start of a lucrative business is purely speculative and would not support any damages. Likewise, the claim of loss of reputation because of the government's repudiation bears no consideration.

As to the nominal damages theory, it is inapplicable because from the plaintiff's own computation it would have lost over $11,000 if it had to perform the contract. What the plaintiff argues by the attempted use of the nominal damage theory is it can recover $1.00 in damages though the Government's repudiation saved it $11,000. This is not the law. In the cause of action pled, it is a straightforward breach of a purported $25,000 personal services contract. The Restatement of Contracts, which the court is obligated to follow, states that the measure of damages in such a case is the loss of profits to the plaintiff. Restatement, Contracts, § 328.

Where there is a breach of contract, nominal damages are assessed if actual damages cannot be proved. Examples of such cases are: (1) actual damage are uncertain or not susceptible to proof, (2) damages are too remote or speculative, (3) the contract is not definite enough to measure damages or the terms

are such that the plaintiff fails to bring himself within the scope of anticipated damages. 22 AmJur2d, _Damages_, § 9, pp. 23-24.

None of these instances are present in this case. Not only could damages be readily proven but they are also non-existent. But, even assuming: (1) a cause of action for nominal damages were pled, and (2) damages of $1.00 were assessed,[3] the unreasonableness of plaintiff's action becomes readily apparent.

The situation is compounded by the fact that the first cause of action is the basis for the remaining causes of action for 42 USC § 1983 damages and interference with plaintiff's "prospective advantage of contract."

Succinctly put, once the first cause of action is found to be without foundation, the remaining counts must likewise fall into the same category.

The initial inquiry must be made in any civil rights claim as to whether the plaintiff has been deprived of a right secured by the Constitution and laws of the United States. _Baker vs. McCollan_, 443 U.S. 137, 99 S.Ct. 2689 (1979).

Even if a deprivation is found to exist, the loss must not trivialize or distort the meaning and intent of the Constitution. _Daniels vs. Williams_, 104 S.Ct. 662, 665 (1986).

---

[3] "Nominal damages" are strictly that — the smallest appreciable quantity. This is usually adjudged to be $1.00. 22 AmJur2d, _Damages_, § 6, p 22.

The court concludes that the plaintiff well knew its claim for $25,000 contractual damages was not supportable from the outset and its attempt at this time (and as an afterthought) to support the § 1983 counts with a nominal damage claim is exactly what Daniels vs. Williams speaks about.

This court, as well as other courts, views 42 USC § 1983 as a vehicle by which a party can be compensated for a wrong committed under color of official title or to correct by injunctive or other relief, acts and actions by government officials which do not comport with the Constitution. Any doubt as to the reasonableness of the suit will normally be resolved in favor of the plaintiff. However, when the action filed is from the outset so without merit and foundation upon which to formulate a § 1983 claim, the plaintiff must pay the penalty for putting the government at the expense of defending the action. This is not to discourage meritorious suits or even actions which have questionable recovery value. This is to discourage suits brought without a foundation and imposes upon the plaintiff and its counsel the obligation of ascertaining the reasonableness of the suit.

The court has declined to discuss at length the problems of immunity defenses and procurement regulations compliance which the plaintiff had to have known were serious matters of concern. One could argue that since the Mother Goose case is a 7th Circuit of Appeals case, it wouldn't necessarily apply in the 9th Circuit. One could also argue that for some reason there

is a legitimate question existing as to the operation and effect of the procurement regulations. Be that as it may, there can be no argument as to the viability of plaintiff's contract action. Plaintiff's action is without merit, unreasonable and without foundation.

The Government has submitted billings for fees incurred in defending the Government and defendant Kosack. Since Kosack was sued in his individual capacity the Government obtained private counsel to represent him. The court has reviewed the file and in particular the motions and pleadings filed on behalf of Kosack by the firm of Fitzgerald, Herald and Bergsma. The court evaluates the fees by using the factors of time, hourly charge ($75), the expertise and professional competence and finds all charges reasonable. The total is $7,120.

The hours spent by the Government are not as easy to assess because one of the attorneys working on the case, Mr. Biehl, did not keep contemporaneous time records. Mr. Partlow, who took over the case from Mr. Biehl, did keep time records. Mr. Biehl estimated he spent 100 hours while Mr. Partlow has set forth hours in excess of 145. A rate of $75 per hour is requested and the court accepts this amount as a reasonable hourly fee for Saipan and also considering the expertise and professional competence of government counsel.

A deduction from the fee request will be made because of overlapping of the legal research done by counsel for Kosack.

826

Additionally, a review of the file, the legal and factual issues raised and the discovery needed, reflects that a total of 245 hours by government counsel is not justified. Presumably, this is the result of having more than one counsel in the case with the second counsel having to re-learn, to some extent, what the first counsel had already assimilated. Consequently, the total amount of hours allowed government counsel is 100 hours for a total of $7,500.00.

Costs for depositions in the amount of $630.80 have been requested. This court is becoming more and more critical about the time and expense spent on discovery. In particular, a sum of $403.00 for the deposition of Stacy Pounds is requested. This appears to be excessive in light of the issues in this case and the figure will be reduced to $200.00. Therefore, a total of $427.80 for costs will be allowed.

IT IS THEREFORE ORDERED:

1. Plaintiff shall pay attorney fees to the Government as the prevailing party in the amount of $7,120.00 plus $7,500.00 for a total of $14,620.00.

2. Costs are allowed the government in the amount of $427.80.

Dated at Saipan, CM, this 9th day of September, 1986.

Robert A. Hefner, Chief Judge