34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Philip L. STIMAC, Plaintiff-Appellant,
v.
William BARR; California Department of Education; et al.,
Defendants-Appellees.
 No. 94-15033.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Philip L. Stimac appeals pro se the district court's denial of his post-judgment motion for lack of jurisdiction. Stimac also appeals the district court's denial of his motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 In the underlying action, Stimac alleged that numerous federal and state officials violated his civil rights by improperly handling his discrimination complaint against his former employer. Stimac also brought a claim under the Freedom of Information Act, 5 U.S.C. Sec. 552 ("FOIA"). The district court dismissed Stimac's civil rights claims and granted summary judgment for defendants on Stimac's FOIA claim. The district court's judgment was affirmed by this court by unpublished decision. Stimac v. Barr, No. 93-15106 (9th Cir. Nov. 23, 1993).
 
 
 5
 Following his notice of appeal of the underlying action, Stimac moved for sanctions under Fed.R.Civ.P. 11 and 28 U.S.C. Sec. 1927, and in the alternative, to vacate the fraudulently obtained summary judgment under the court's inherent power, and in the alternative, to enforce subpoenas duces tecum under Fed.R.Civ.P. 45. The district court denied the motion for lack of jurisdiction. Stimac moved for reconsideration alleging that the district court erred by deciding his motion ex parte and by concluding that it lacked jurisdiction over his motion. The district court denied his motion for reconsideration. Stimac timely appeals.
 
 II
 Merits
 
 6
 Stimac contends that the district court erred by finding that his filing of the notice of appeal divested the district court of jurisdiction to consider his post-judgment motion. This contention lacks merit.
 
 
 7
 The existence of subject-matter jurisdiction presents a question of law reviewed de novo. Reebok Int'l, Ltd. v. Kruso, 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). The filing of a notice of appeal divests the district court of jurisdiction with respect to all matters involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curia); Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir.1983); McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir.), cert. denied, 459 U.S. 1071 (1982).[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Stimac's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stimac's request for attorney's fees is denied. Stimac's request for appointment of a special master also is denied