141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dan C. FORE, Plaintiff-Appellant,
v.
DENNY'S INC.; Proficient Foods Inc., a California
corporation; T W Services Inc., merged under the new
ownership of Flagstar Corporation, a South Carolina Holding
Corporation; Nobel Sysco Food Service Co., a Colorado
corporation; Phoenix Foods, a Florida corporation; Den
West Inc., a Delaware corporation; Divall Insured Income
Fund I; Divall Insured Properties II, Wisconsin
Partnerships; Jack Lloyd; Gary Divall; Paul Magnuson;
Robert Bourne; David Shea; Kevin Killham; Joel Swirsky;
James M. Seneff; James A. Hartman; Richard Lorenzen; Dan
Maynard; Geoffrey Walker; Scott Midgley; Earl Cox; Fred
Hollis; Randy Spackman; Diversified Real Estate Ltd.;
Julie Tolleson; C.N.L. Financial, a Florida corporation;
Den West Restaurants, a Delaware corporation; Fred Martin;
Diversified Realty Corporation, Ltd., a Wisconsin
corporation, Defendants-Appellees.
 No. 97-15696.
D.C. No. CV-95-02683-PGR.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the District of Arizona Paul G. Rosenblatt, District Judge, Presiding.
 Before FLETCHER, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dan C. Fore appeals pro se the district court's award of attorneys' fees to defendants Bourne, Seneff, Hartman and C.N.L. Financial following the dismissal of Fore's action alleging civil RICO and constitutional violations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We may affirm for any reason supported by the record. See Abela v. Gustafson, 888 F.2d 1258, 1265 (9th Cir.1989).
 
 
 3
 Appellees contend that Fore waived any argument that the district court improperly awarded fees. Because we construe the pleadings of a pro se litigant liberally, see Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990), this contention lacks merit.
 
 
 4
 The district court retained jurisdiction to award attorneys' fees after Fore filed a notice of appeal on the merits, see Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir.1983), and this court's denial of appellees' fee request on appeal did not preclude the district court's fee award, see Fed. R.App. P. 38 (giving court of appeals discretion to award damages for frivolous appeal).
 
 
 5
 The district court's finding that Fore's action was "sufficiently vexatious and groundless so as to entitle" appellees to attorneys' fees was not clearly erroneous. See Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc., 84 F.3d 1186, 1192 (9th Cir.1996). Moreover, the district court did not abuse its discretion in awarding fees of $9,500.00 and interest. See id.
 
 
 6
 Fore's remaining contentions are denied because they lack merit. We deny appellees' request for attorneys' fees. See Fed. R.App. P. 38.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3