NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAURICE PATRICK,

        Plaintiff - Appellant,

  v.

WILLIAMS AND ASSOCIATES,

        Defendant - Appellee.

No. 08-35735

D.C. No. 2:06-cv-00149-FVS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

    Maurice Patrick appeals pro se from the district court's order awarding

attorney's fees to Williams and Associates. We have jurisdiction under 28 U.S.C.

§ 1291. We review for an abuse of discretion the district court's fee award, and de

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument and, accordingly, denies Patrick's request. *See* Fed. R. App.
P. 34(a)(2).

novo the underlying legal analysis. *Native Vill. of Quinhagak v. United States*, 307 F.3d 1075, 1079 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by awarding attorney's fees to Williams and Associates because the time to file a motion for attorney's fees ran from the entry of judgment on October 16, 2007, and Williams and Associates filed its original request for attorney's fees, which it improperly submitted with its bill of costs, within fourteen days of that date. *See* Fed. R. Civ. P. 54(d)(2)(B)(i) (a motion for attorney's fees must "be filed no later than 14 days after entry of judgment" unless a statute or court order provides otherwise).

Contrary to Patrick's contention, the district court retained jurisdiction to decide the motion for attorney's fees after Patrick filed his notice of appeal from the summary judgment order. *See Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) ("The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed.").

The district court did not abuse its discretion by denying Patrick's motion for reconsideration because Patrick set forth no basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**