NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHERIE PHILLIPS,

              Plaintiff-Appellant,

    v.

HSL PROPERTIES INCORPORATED;
HSL ASSET MANAGEMENT LLC, doing
business as Canyon Oaks Apartment
Homes,

              Defendants-Appellees.

No. 15-15251

D.C. No. 4:13-cv-02620-CKJ

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

    Cherie Phillips appeals pro se from the district court's post-judgment order

granting defendants' motion to strike Phillips's response to their motion for

attorney's fees. We have jurisdiction under 28 U.S.C. § 1291. We review for an

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the district court's decision to strike documents under Federal Rule of Civil Procedure 11. *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion by striking portions of Phillips's response to defendants' motion for attorney's fees because the stricken statements were harassing and unnecessary to a determination of attorney's fees. *See* Fed. R. Civ. P. 11(b)(1). Contrary to Phillips's contention, the district court retained jurisdiction to rule on defendants' motion for attorney's fees and related matters. *See Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) (the district court retains jurisdiction to award attorney's fees after the decision on the merits had been filed).

To the extent that Phillips is attempting to appeal the dismissal of her action, we lack jurisdiction to consider this issue because Phillips failed to file a timely notice of appeal from the judgment. *See* Fed. R. App. P. 4(a)(1)(A) (in a civil case, the notice of appeal must be filed within 30 days after entry of the judgment or order appealed from); *Bowles v. Russell*, 551 U.S. 205, 209 (2007) ("This Court has long held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." (citation omitted)).

We reject as without merit Phillips's contention that the district court was biased.

15-15251

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' request, set forth in the answering brief, to strike Phillips's opening brief for noncompliance with Fed. R. App. P. 32(a), is denied.

**AFFIRMED.**