**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICHOLAS D. SCOYNI, | Nos. 20-35123 |
| | 20-35564 |
| Plaintiff-Appellant, | |
| | D.C. No. 1:18-cv-00506-BLW |
| v. | |
| DANIEL R. SALVADOR; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted October 26, 2021 [**]

Before: FERNANDEZ, SILVERMAN, and NGUYEN, Circuit Judges

Nicholas Scoyni appeals pro se the district court's grant of summary

judgment in favor of Defendants (No. 20-35123) and the district court's grant of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

costs and attorney's fees to Defendants (No. 20-35564). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.     The district court did not err in granting summary judgment to Defendants for (A) breach of contract, (B) defamation, and (C) trademark infringement.

A.     Scoyni failed to establish that an oral contract was created between Scoyni and Defendants for use of the Off-Spec Solutions mark. *See Hoffman v. S V Co.*, 628 P.2d 218, 220 (Idaho 1981) ("A distinct understanding common to both parties is necessary in order for a contract to exist."). Although there may have been an offer to contract, no contract was created because there was no "meeting of the minds."[1] *See Barry v. Pac. W. Const., Inc.*, 103 P.3d 440, 444-45 (Idaho 2004).

B.     Scoyni failed to demonstrate that (1) Defendants "communicated information concerning [him] to others; (2) the information was defamatory; and (3) [Scoyni] was damaged because of the communication." *See Verity v. USA Today*, 436 P.3d 653, 662 (Idaho 2019). To the extent that Defendants made any defamatory communications related to the Off-Spec Solutions business or mark in a cease and desist letter or to the United States Trademark Trial and Appeal Board,

---

[1]  Scoyni argues that an implied contract existed. However, he did not allege an implied contract in his complaint or before the district court. Thus, it is waived. *See Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1112 (9th Cir. 2001).

those communications were protected by the litigation privilege.  *See Dickinson*

*Frozen Foods, Inc. v. J.R. Simplot Co.*, 434 P.3d 1275, 1284 (Idaho 2019), *as*

*amended* (Apr. 22, 2019).

C.  Scoyni's presumption of a valid mark based on his registration was

rebutted by Defendants' evidence that Scoyni failed to "use [his service mark] in

commerce."  *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1156-57 (9th

Cir. 2001); *see also Gem State Roofing, Inc. v. United Components, Inc.*, No.

47484, 2021 WL 2303190, at *16 (Idaho June 7, 2021).  "Use in commerce"

means the "bona fide use of a mark in the ordinary course of trade, and not made

merely to reserve a right in a mark."  15 U.S.C. § 1127.  Here, Scoyni failed to

provide evidence that he used the mark "in the sale or advertising of services and

the services are rendered in commerce."  *See id.*§ 1127(2).  Scoyni only presented

evidence of a magnetic sign placed on a vehicle and an office door and two

affidavits of persons for whom he claimed he performed service.  However, in the

deposition of the two affiants, neither could provide evidence that they were aware

of Scoyni's "offspec solutions" name.

Conversely, Defendants registered the Off-Spec Solutions assumed business

name in August 2012, and, thereafter, the LLC with the State of Idaho.  Defendants

also began providing goods and transportation services under that name.  Unlike

3

Scoyni, Defendants provided receipts and copies of its Facebook advertisements to establish use of the mark. Thus, based on a totality of the circumstances, the district court properly concluded that Defendants established their use of "Off-Spec Solutions" in commerce prior to 2016 and was entitled to use the mark.[2]

2. The district court properly concluded that Scoyni's registration of the mark was *void ab initio* based on his failure to use his mark "in commerce" as required under the Lanham Act and Idaho Code § 48-512, *See* 15 U.S.C. §§ 1051 (trademark), 1053 (service mark), 1127 (defining "use in commerce"); *see also* 6 McCarthy on Trademarks and Unfair Competition § 31:72 (5th ed.).

3. The district court properly denied Scoyni's motion for default judgment. Scoyni failed to comply with Federal Rule of Civil Procedure 55. Rule 55 is a "two-step process" consisting of: (1) seeking a clerk's entry of default under Rule 55(a), and (2) filing a motion for the entry of default judgment under Rule 55(b). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Scoyni failed to comply with this two-step process. Furthermore, Defendants timely filed an answer after the temporary stay was lifted as directed by the court.

---

[2] Because Scoyni did not have a valid trademark, we need not address whether Defendants' use of the mark caused confusion.

4.      The district court did not err in granting attorney fees and costs under Idaho Code section 12-120(3) and Idaho Rule of Civil Procedure 54(d).  Scoyni challenges the district court's decision arguing that (1) Defendants' request was untimely, (2) the district court lacked of jurisdiction because Scoyni had filed a notice to appeal, and (3) the primary cause of action was trademark infringement not a breach of contract.  All of these arguments fail.

First, Defendants timely filed their motion within fourteen days of the date of judgment.  *See* Fed. R. Civ. P. 54(d)(2)(B)(i).  Second, the district court did not lose jurisdiction to rule on attorney's fees despite the notice of appeal.  *See Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983).  Finally, Scoyni alleged breach of contract in his complaint, thus Idaho Code section 12-120(3) applies to Scoyni's breach of contract allegation.

Here, Scoyni alleged oral breach of contract based a commercial transaction —use of the service mark Off-Spec Solutions.  *See* Idaho Code § 12-120(3) (defining "commercial transaction" as "all transactions except transactions for personal or household purposes").  Further, "the commercial transaction [was] integral to the claim and constitute[d] a basis on which [Scoyni was] attempting to recover."  *See Clayson v. Zebe*, 280 P.3d 731, 739 (Idaho 2012) (quoting *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 36 P.3d 218, 223 (Idaho 2001)).

Accordingly, Defendants were entitled to an award of attorney fees pursuant to Idaho Code section 12-120(3) and Idaho Rule of Civil Procedure 54(d).

The district court also properly granted costs pursuant to Federal Rule of Civil Procedure 54(d)(1). *See* Fed. R. Civ. P. 54(d)(1) ("Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.").

**AFFIRMED.**