**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH FANGSRUD VON ESCH; RENNY FANGSRUD VON ESCH, | No. 21-35217 |
| Plaintiffs-Appellees, | D.C. No. 3:16-cv-05842-BHS |
| v. | |
| ASSET SYSTEMS, INC., DBA Asset Systems, pursuant to Washington UBI No. 601474356, an Oregon corporation, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| LEGACY SALMON CREEK HOSPITAL, a Washington company, | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 19, 2022**
Seattle, Washington

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW, GOULD, and BENNETT, Circuit Judges.

Asset Systems, Inc., a debt collector for Legacy Salmon Creek Hospital, appeals the district court's denial of its motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1927, 15 U.S.C. § 1692k(a)(3), and the court's inherent authority. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion by denying attorneys' fees and costs. Von Esch's refusal to accept Asset Systems' settlement offer does not constitute bad faith, as would be required to sanction Von Esch under 28 U.S.C. § 1927 or 15 U.S.C. § 1692k(a)(3). *See New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id*. (internal citations omitted). While "[t]he court has the inherent power to assess attorneys' fees against counsel for abuse of judicial process or other bad faith conduct of litigation," *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) (internal citations omitted), because Von Esch's rejection of Asset Systems' settlement offer does not meet the "high threshold" for a finding of bad faith, *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1132 (9th Cir. 2008) (internal citation omitted), *overruled on other grounds by Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014) (en banc), Asset

2

Systems is not entitled to attorneys' fees.

2. Federal Rule of Civil Procedure 54(d)(1) "gives district courts discretion to award costs . . . ." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 373, 377 (2013) (noting that "the word 'should' [in Rule 54(d)(1)] makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court"). Due to the presumably limited resources of the Von Eschs as individual plaintiffs and the complex nature of the legal issues in this case as evidenced by our prior decision regarding Asset Systems' bona fide error defense, *see Von Esch v. Asset Systems, Inc.*, 823 F. App'x 543 (9th Cir. 2020), it was within the district court's discretion to deny costs.

**AFFIRMED.**