NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIRTI MEHTA, | No. 23-15244 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01493-CDS-VCF |
| v. | |
| VICTORIA PARTNERS, doing business as Park-Mgm Casino & Hotel Operator; ANN HOFF; LONDON SWINNEY; MGM INTERNATIONAL; BILL HORNBUCKER; TERRENCE LANNI; JOSEPH A. CARBO, Jr.; RYAN GUADIZ; PAUL SALEM; TRAVIS LUNN; NIKLAS RYTTERSTROM; BRANDON DARDEAU; CLIVE HAWKINS; CHUCK BOWLING; ANTON NIKODEMUS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted September 17, 2024[**]

Before:    WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kirti Mehta appeals pro se from the district court's judgment dismissing his action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Mehta's claims against defendants Park MGM, LLC, Ann Hoff, London Swinney, William Hornbuckle, Joseph Corbo, Jr., and Ryan Gaurdiz because Mehta failed to allege facts sufficient to state any plausible claim against them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280-81 (Nev. 2009) (setting forth elements of a negligence claim in Nevada); *Rodriguez v. Primadonna Co., LLC*, 216 P.3d 793, 798 (Nev. 2009) (explaining that commercial liquor vendors cannot be held liable for damages related to any injuries caused and sustained by the intoxicated patron in Nevada); *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992) (setting forth elements of a fraud claim); *Sports Form, Inc. v. Leroy's Horse & Sports Place*, 823 P.2d 901, 904 (Nev. 1992) (explaining that no private cause of action exists under Chapter 463 of the Nevada Revised Statutes).

23-15244

The district court did not abuse its discretion by dismissing Mehta's claims against the remaining defendants because Mehta failed to obtain a waiver or provide proof of service to the district court in accordance with Fed. R. Civ. P. 4(d), and otherwise failed to show good cause for failure to serve the summons and complaint in a timely manner, despite being given notice and an opportunity to do so. *See* Fed. R. Civ. P. 4(a)-(c) (setting forth requirements for service of process); Fed. R. Civ. P. 4(d) (setting forth requirements for waiver of service); Fed. R. Civ. P. 4(m) (explaining that district court must dismiss for failure to serve after providing notice and absent of a showing of good cause for failure to serve); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001) (setting forth standard of review).

The district court did not abuse its discretion by denying Mehta leave to file a second amended complaint because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by granting reduced attorney's

23-15244

fees for Park MGM because the release agreement expressly provided for such an award. *See CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1104 (9th Cir. 2007) (setting forth standard of review); *Davis v. Beling*, 278 P.3d 501, 515 (Nev. 2012) (explaining that, under Nevada law, attorney's fees may be awarded if the parties provided for such fees by express contractual provisions). Contrary to Mehta's contention, the district court retained jurisdiction to rule on defendants' motion for attorney's fees. *See Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956-57 (9th Cir. 1983) (the district court retains jurisdiction to award attorney's fees after a notice of appeal from the decision on the merits has been filed).

We reject as meritless Mehta's contention that the district court was biased against him.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' request for costs, set forth in the supplemental answering brief, is denied without prejudice to the filing of a bill of costs. All other pending motions and requests are denied.

**AFFIRMED.**