**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

TRACEY LALL,

          Plaintiff-Appellant,

  v.

CORNER INVESTMENT COMPANY,
DBA The Cromwell Hotel and Casino;
CAESARS ENTERTAINMENT, INC.;
UNITE HERE BARTENDERS UNION,
LOCAL 165; CAESARS GROWTH
CROMWELL,

          Defendants-Appellees.

No.   23-15489
         23-16210

D.C. No.
2:20-cv-01287-CDS-NJK

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted February 7, 2025
Phoenix, Arizona

Before:  HAWKINS, CLIFTON, and BADE, Circuit Judges.

Plaintiff Tracey Lall, a former bartender at the Cromwell Hotel (Cromwell)

in Las Vegas, appeals the district court's grant of summary judgment to Cromwell

on her claims for disability discrimination and retaliation under the Americans with

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Disabilities Act (ADA) and Nevada state law, and its grant of summary judgment to both Cromwell and UNITE HERE Bartenders Local 165 (Local 165) on her claims alleging violations of Section 301 of the Labor Management Relations Act (LMRA). Lall's attorney, Michael Mcavoyamaya, also appeals the district court's award of sanctions under Section 1927 of Chapter 28 of the U.S. Code and the district court's inherent powers for his conduct litigating Lall's case.[1]

We review a district court's grant of summary judgment *de novo*. *Hittle v. City of Stockton*, 101 F.4th 1000, 1011 (9th Cir. 2024). We view the facts "in the light most favorable to the nonmoving party." *Id.* We affirm.

1. We affirm the district court's grant of summary judgment to Cromwell on Lall's employment discrimination claims under the ADA and Nevada state law. The district court properly applied the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). None of Lall's asserted factual bases for pretext establish a genuine issue of material fact.

First, Lall's argument based on the temporal proximity between her alleged October 2019 request for accommodation and her January 2020 termination fails because the proximity is three months, and the record evidence indicates that Lall

---

[1] In both cases, we grant Lall's motion to file an oversized reply brief. 23-15489 Dkt. 54; 23-16210 Dkt. 46. Also, in both cases, we deny Lall's motion for judicial notice of a state bar complaint that was filed by the district court against Mcavoyamaya because it is not necessary to resolving the issues in these appeals. 23-15489 Dkt. 58; 23-16210 Dkt. 50.

likely did not take the necessary steps to receive accommodations. Second, there is inadequate evidence that Cromwell put Lall on "forced" leave because of her seizures and, as a result, she cannot raise a genuine issue of material fact as to whether that asserted forced leave is evidence of pretext. Third, Cromwell asking Lall to take a drug test in August 2019 does not raise a genuine issue indicating pretext because her managers indicated genuine concern for her and customers' safety and because Cromwell did not terminate her for declining to take the test.

Indeed, the failure to act against Lall for refusing to take the August 2019 drug test bolsters Cromwell's contention that it did not terminate Lall based on a pretext that sought to hide discrimination based on her disability. If Cromwell had been searching for a reason to terminate Lall, it could have advised her that she was subject to termination if she refused. Thereafter, any further refusal to take the test could have provided that reason. She worked in a public-facing position surrounded by glass and bottles of alcohol. Seizures when she was working, whether caused by drugs or her illness, could have endangered herself, other employees, and customers. There were valid grounds for the concern that led to the direction that she be tested. That she was not terminated for refusal to be tested weighed against the claim that Cromwell had a discriminatory motive that it sought to obscure with a pretextual justification.

Lall's next contention was that Cromwell's purported disparate treatment of

3

similarly situated employees was evidence of pretext. An employer's disparate treatment of "similarly situated" employees based on a protected trait can be "probative of pretext." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct" and have similar disciplinary records, *id.* & n.15, resulting in them being "similar in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (internal quotation marks omitted).

Lall has not met her burden to establish that Cromwell's treatment of similarly situated employees raises a genuine issue of material fact as to whether her termination was pretextual. Lall did not establish that the employees who purportedly received better treatment than her were "similar in all material respects," especially with respect to their disciplinary records but also with respect to other relevant factors such as length of service or comparative customer satisfaction. In addition, as noted above, that Cromwell did not pursue Lall's refusal to take the drug test discounts the claim that Cromwell sought a pretextual reason to terminate her employment.

2. We affirm the district court's decision not to toll Lall's Nevada law claims for 122 days. The Nevada Governor tolled all Nevada state law claims from April 2020 to August 2020, and the Nevada Supreme Court upheld that tolling. *Dignity Health v. Eighth Jud. Dist. Ct.*, 550 P.3d 341, 343 (Nev. 2024). But the district

4

court did not err by declining to toll Lall's state claims because Lall raised the argument for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Generally, we will "not consider issues not *properly* raised before the district court," *Greisen v. Hanken*, 925 F.3d 1097, 1115 (9th Cir. 2019) (citation omitted), unless "necessary to prevent manifest injustice," *Alexopulos by Alexopulos v. Riles*, 784 F.2d 1408, 1411 (9th Cir. 1986) (citation omitted). "Manifest injustice" will not result here because Lall has not provided a reason for failing to raise the tolling argument earlier, neither Cromwell nor Local 165 "engaged in . . . conduct or misrepresentation which prevented" Lall from timely raising the issue, *see Alexopulos*, 784 F.2d at 1411, and it has not been established that such an extension would have changed the outcome in any event.

3. We affirm the district court's grant of summary judgment to Cromwell and Local 165 (Lall's union), on the hybrid LMRA claim. A cause of action under Section 301 of the LMRA, 29 U.S.C. § 185, requires showing that the employer violated the applicable collective bargaining agreement, and that the union violated "its duty of fair representation [to the employee] in its handling of the employee's grievance." *Vaca v. Sipes*, 386 U.S. 171, 183-86 (1967). Both the employer and the union must have violated their respective duties for a Section 301 claim.

For a hybrid Section 301 claim, a plaintiff must have first "attempted" to

5

exhaust the contractual grievance procedures laid out in their bargaining agreement. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653 (1965); *Vaca*, 386 U.S. at 184. Lall did not exhaust her required grievance procedures. Instead, Lall unequivocally declined to do so, telling Local 165 Business Representative Mike Contorelli that she would not proceed with mediation or arbitration because her counsel advised her not to attend grievance meetings without him. Contorelli repeatedly followed up, asking Lall, "Just to be clear, do you want to proceed with the arbitration scheduled later this year?" Lall replied, "No thank you."

Lall has not shown that she is entitled to an exception to the exhaustion requirement. A plaintiff may be excepted from the exhaustion requirement "when the union representing the employees in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983). Lall has not pointed to evidence that would establish such a breach. A union must only conduct "some minimal investigation," with the required rigor of an investigation "var[ying] with the circumstances of each case." *Stevens v. Moore Bus. Forms, Inc.*, 18 F.3d 1443, 1448 (9th Cir. 1994) (internal quotation marks and citation omitted). Throughout 2020, Local 165 made repeated attempts to gather information, research Lall's termination and situation, and advance Lall's grievance.

6

4. We affirm the district court's award of sanctions to Cromwell for Mcavoyamaya's conduct during the summary judgment proceedings and to Local 165 for his conduct pursuing the Section 301 claim.

The award to Cromwell was based in part on counsel's failure to notify the district court and Cromwell that Lall was dropping her FMLA claim until the summary judgment hearing, requiring both the court and Cromwell to prepare for an argument that had been abandoned. The district court fairly called this failure "egregious." *See Bd. of License Comm'rs of Town of Tiverton v. Pastore*, 469 U.S. 238, 240 (1985) (noting counsel's "continuing duty to inform the Court of any development which may conceivably affect the outcome of the litigation" (internal quotation marks and citation omitted)). That failure is not excused by merely declining to oppose summary judgment because that does not withdraw the claim and let others know that they do not need to prepare for it. *Cf. Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013) ("[U]nder the Federal Rules, a motion for summary judgment may not be granted based on a failure to file an opposition to the motion . . . .").

We also affirm sanctions based on counsel making numerous misleading and incorrect statements to the district court. As just one example, Mcavoyamaya said that Cromwell "forced" Lall "to go home" after a tremor on November 5, 2018. But Lall was not "forced" to go home at all; instead, the record evidence indicates

that Lall chose to go home. Other examples abound. The "cumulative effect of [Mcavoyamaya's] litigation conduct," was bad faith. *See Lahiri v. Universal Music & Video Distrib.*, 606 F.3d 1216, 1222 (9th Cir. 2010).

The district court did err in holding that raising a new argument in a reply brief was grounds for sanctions under Section 1927 and its inherent powers. The district court acted within its discretion by declining to consider Lall's new, COVID-19 tolling argument raised in a reply brief, *see Zamani*, 491 F.3d at 997, but that argument was not inherently frivolous and does not appear to have been made recklessly or in bad faith, *see Fink v. Gomez*, 239 F.3d 989, 993-994 (9th Cir. 2001) (discussing requirements for sanctions under Section 1927 and the court's inherent powers).

We nevertheless affirm the district court's sanctions award because the other two bases for sanctions were what "multiplied" proceedings. Raising the tolling argument for the first time in a reply brief likely resulted in minimal additional cost to Cromwell because Cromwell did not have a chance to respond to the argument and the district court declined to consider it. In contrast, Mcavoyamaya's failure to withdraw Lall's FMLA claim and his repeated misrepresentations added to the court's and Cromwell's efforts.

We also affirm the award of fees and costs to Local 165 based on the district court's conclusion that Mcavoyamaya acted recklessly and in bad faith by

8

continuing to pursue Lall's hybrid LMRA claim against Local 165 after March 26, 2021. Local 165 sent Mcavoyamaya a letter informing him that Lall asked union representative Contorelli not to pursue her grievance. Lall did not qualify for an exemption from the LMRA's exhaustion requirement based on her desire to have her attorney present, because an employee does not have the right to their own attorney in this bargaining agreement's grievance process. *Castelli v. Douglas Aircraft Co.*, 752 F.2d 1480, 1483 (9th Cir. 1985). Mcavoyamaya continued to litigate the claim after receiving that letter on March 26, 2021, which the district court correctly concluded "pushed [Mcavoyamaya's] conduct over the line from reckless to bad faith."

5. The district court did not violate Mcavoyamaya's due process rights because he was not entitled to an evidentiary hearing. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1112 (9th Cir. 2005).

6. The district court retained jurisdiction over the motions for fees and costs because a district court "retain[s] the power to award attorneys' fees after the notice of appeal from the decision on the merits ha[s] been filed." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983).

For these reasons, we affirm the district court's grant of summary judgment to Cromwell and Local 165 and affirm the district court's award of sanctions.

**AFFIRMED.**

9